## CONQUES v. LOUISIANA WESTERN RY. CO.

(District Court, S. D. Texas, at Houston. March 20, 1925.)

Removal of causes ⟜11—Action held not removable.

The provision of Judicial Code, § 28, as amended (Comp. St. § 1010), authorizing the removal of "any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, * * * of which the District Courts of the United States are given original jurisdiction," does not give a foreign corporation defendant the right to remove a suit of which the federal court would not have had original jurisdiction, for the sole purpose of having that court determine, as a federal question, that the service made did not give the state court jurisdiction.

At Law. Action by Mrs. Antoine Conques, for herself and as next friend of her minor children, against the Louisiana Western Railway Company. On motion to remand to state court. Granted.

Jones, Sexton, Jones, Buck & Gibson, of Marshall, Tex., for complainant.

Garrison & Watson, of Houston, Tex., for defendant.

HUTCHESON, District Judge. This is a motion to remand, filed by the plaintiff; the cause being a suit brought in the district court of Harris county, Tex., to recover damages against the Louisiana Western Railway Company and the Texas & New Orleans Railroad Company. After the cause had been removed, the plaintiff dismissed as to the Texas & New Orleans Railroad Company, and the motion now under consideration was filed.

(a) Plaintiff and defendant are both resident citizens of the state of Louisiana.

(b) Plaintiff's action is a transitory one for damages for the death of her husband, alleging that he was struck and killed by the train of the defendant in Duson, La.

(c) W. R. Scott, who resides in Houston, Harris county, Tex., is the president of the Louisiana Western Railway Company.

(d) The amount sued for exceeds the sum of $3,000.

It is not contended on behalf of plaintiff that the Louisiana Western Railway Company is engaged in doing business of any kind in the state of Texas, or that the cause of action arose here, but it is plaintiff's contention that under article 1861, Vernon's Ann. Civ. St. Supp. 1922, providing:

"In any suit against a foreign, private or public corporation, joint-stock company or association, or acting corporation or associatin, citation or other process may be served on the president, vice president, secretary or treasurer, or general manager, and in any such suit upon any cause of action arising within the state of Texas citation or other process may also be served upon any local or traveling agent, or traveling salesman, within the state, of such corporation, joint-stock company or association, or acting corporation or association," service on the president of the company gives jurisdiction to the state court.

The defendant, which files the petition for removal, contends that, since it is essential to the jurisdiction of a state court to render judgment against a foreign corporation that defendant should be doing business within the state in such manner as to warrant the inference that it is present there (Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710; Rosenberg Co. v. Curtis, 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Bank of America v. Whitney, 261 U. S. 172, 43 S. Ct. 311, 67 L. Ed. 594), and since it is the uniform rule of decision in Texas that no qualified appearance can be entered for the purpose of contesting jurisdiction, but any kind of ap-

pearance gives complete jurisdiction in the case (Pace v. Potter, 85 Tex. 475, 22 S. W. 300; Banco Minero v. Ross & Masterson, 124 Tenn. 450, 138 S. W. 324; St. L. & I. M. R. R. v. Bass (Tex. Civ. App.) 140 S. W. 860), a federal question is raised in the case by the claim of its right to have protection against the assumption of jurisdiction over it by the state court under the statute complained of by a qualified appearance here to determine the question.

It is conceded that, plaintiff and defendant both being citizens of Louisiana, and the plaintiff's cause not being based upon any law of the United States, this court could not proceed to judgment on the suit, either if brought originally or if removed; but it insists that, since the cause of action is of a character over which the court a quo would have had jurisdiction upon proper service, it has the right to remove the cause to this court, not for trial, but for the purpose of determining whether the service was sufficient, with a following judgment to remand if the service was found sufficient, and to dismiss if it was not.

In short, relying upon the undoubted law that a defendant in a removable case has a right to remove a cause to the federal court, and thereafter move to dismiss for want of service, he contends for that right here in a case not removable unless this very right makes it so, insisting that this right is a right arising under the Constitution and laws of the United States, and therefore making the cause removable.

These statements, while ingenious, are only plausible. They are in the teeth of the removal statutes and their settled construction. Those statutes provide, not as contended here, that to assert a right to exemption from suit a cause may be removed, but that "any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, * * * of which the District Courts of the United States are given original jurisdiction, * * * may be removed by the defendant." Judicial Code, § 28 as amended (Comp. St. § 1010). That these statutes do not sustain any such right as claimed here is affirmatively settled, for whether a cause is removable as one arising under the laws of the United States is dependent, not upon defendant's contention, but upon the plaintiff's declaration. American Well Wks. v. Layne, 241 U. S. 257, 35 S. Ct. 585, 60 L. Ed. 987; Louisville v. Mottley, 211 U. S. 149, 29 S. Ct. 42, 53 L. Ed. 126; In re Winn, 213 U. S. 458, 29 S. Ct. 515, 53 L. Ed. 873.

And it follows that, whatever may be the merits of plaintiff's contention as to the invalidity of the service upon him, this court, being without jurisdiction of the cause, cannot determine it, but must remand the cause to the District Court from which it came.