**BILL, State's Attorney v. CARR et al.**

**Civ. No. 2560.**

United States District Court
D. Connecticut.

March 31, 1949.

---

Frank Chapman, Robinson, Robinson & Cole, Hartford, Conn., for plaintiff.

Robert P. Butler, Butler, Volpe & Garrity, Hartford, Conn., Raymond E. Hackett, Cummings & Lockwood, Stamford, Conn., for defendants.

SMITH, District Judge.

The defendants, recently-elected directors of the Northeastern Insurance Company of Hartford, Connecticut, have petitioned this Court for an order temporarily restraining plaintiff, the State's Attorney, Hartford County, acting on relation of a former director of the corporation who claims that the recent election was null and void because of the exclusion of certain votes, from proceeding further in this action in this court or in the Superior Court, Hartford County, pending a hearing of defendants' application for an order to show cause.

This action was originally brought in the Superior Court, Hartford County, State of Connecticut, upon an information filed by the State's Attorney on March 9, 1949, prosecuting the defendants in a quo warranto proceeding pursuant to Connecticut General Statutes (Revision of 1949) Sections 8227 and 7782 and by rule to show cause issued by the Superior Court, Hartford County, on March 10, 1949. The defendants filed a petition for removal from the Superior Court to this court on March 21, 1949. The plaintiff subsequently filed a motion to remand, and a hearing on said motion before this Court has been scheduled for April 8, 1949 at 2:00 o'clock, p. m. at Hartford.

The defendants claim that a temporary restraining order is necessary to preserve the status quo of this action in this court and in the Superior Court, Hartford County, pending proceedings here on the application for an order to show cause. The defendants base their petition for this extraordinary remedy on a statement in an affidavit supporting the application for an order to show cause "that irreparable damage to the corporation may result from the conduct of the defeated candidates, also plaintiffs here, who have given evidence of their determination to wreck the corporation unless restrained".

A mere allegation that the corporation may suffer irreparable damage is hardly sufficient to invoke the Court's equity jurisdiction, especially when the parties seeking the temporary restraining order are presently sharing in the control of the corporation as directors. On the face of the affidavit, the present danger of damage to the corporation being caused by the relator and the three former directors in the same situation with him here pending the hearing on plaintiff's motion to remand and defendants' application for a temporary restraining order is at best illusory.

The alleged possible imminence of proceedings which may cause harm is not a sufficient ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the party seeking its aid. The defendants here have not made a clear showing of great and immediate danger and irreparable harm which may result in the interval pending a hearing on plaintiff's motion to remand and defendants' application for an order to show cause.

The defendants' petition for a temporary restraining order is, therefore, denied, without prejudice.

The defendants' application for an order to show cause will be heard in conjunction with the plaintiff's motion to remand on April 8, 1949 at 2:00 o'clock, p. m., at Hartford.

On Motion to Remand.

This action was brought in the Superior Court for Hartford County, by the State's Attorney for that county, on the relation of a citizen and resident of New York against four individuals of whom two are citizens and residents of New York and one each of Louisiana and Florida.

The action is brought as a quo warranto under Connecticut General Statutes (Revision of 1949) Section 8227 to attack the election of the defendants as directors of a Connecticut-chartered insurance corporation, and also asks declaratory relief.

Defendants appeared specially and removed to this court, claiming both diversity of citizenship and federal question as bases for removal.

Plaintiff filed a motion to remand, defendants—motions to vacate service and to dismiss the action, to convene a three-judge court, and for an injunction against further proceedings in the state court.

We assume without deciding that the action in the name of the State's Attorney under the concluding phrase of the section provides relief by removal from office and declaration of non-right, rather than punishment by fine and imprisonment, for a contrary holding would require remand on the ground that the statute is criminal rather than civil within the meaning of the removal statute. 28 U.S.C.A. § 1441 et seq.

It is claimed here that there is complete diversity since the State's Attorney, Hartford County, is a citizen of Connecticut, and none of the defendants is a citizen of this State. Cf. Strawbridge v. Curtiss, 1806, 3 Cranch 267, 2 L.Ed. 435.

■ It is well established, however, that formal parties are not to be considered in determining diversity. 3 Moore's Federal Practice (1st Ed.) par. 101.05, p. 3493. Certainly the relator here is the real party in interest, not the State's Attorney. Even in the case of a public official, where the relator claims to be the rightful holder of a public office usurped by the defendant, the Connecticut court has ruled that, in an information in the nature of a quo warranto, it is the relator and not the State who is the substantial complainant and conducts the cause. State ex rel. Rylands v. Pinkerman, 1893, 63 Conn. 176, 181, 28 A. 110, 22 L.R.A. 653. The State has no more interest here. The right to hold corporate, not public, office is challenged. The relator and his attorney have conducted the cause; the State's Attorney is merely a nominal party, bringing this suit under the authority of a statute for the use and benefit of the relator. The citizenship of the relator must govern, 2 Moore's Federal Practice (1st Ed.) Section 17.03, and inasmuch as the relator is a citizen of New York, as are several of the defendants, complete diversity does not exist and the action does not come within the removal statute on this ground.

This situation is clearly distinguishable from that of actions by administrators, relied on by the defendants.

■ The powers and duties of administrators endow them with a sufficient interest in litigation conducted by them to make them more than mere formal parties, even though they seek recovery for the ultimate benefit of others. It has, therefore, been held that their citizenship rather than that of the ultimate beneficiaries governs. Mecom, Adm'r v. Fitzsimmons Drilling Co., 1931, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904. O'Donnell, Admx. v. Hayden Truck Lines, D.C.Conn. 1945, 61 F.Supp. 823. No such interest lies in the State's Attorney in actions brought in his name on the relation of another under the statute here in question, involving title to offices in private corporations.

■ The defendants claim nevertheless that the action is removable because of the existence of a federal question, and that this court, therefore, has jurisdiction. But before a suit may be removed on the basis of a federal question, the existence of that ground must appear in the complaint well pleaded. 2 Moore's Federal Practice (2nd Ed.) par. 2.07, p. 399.

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257 [6 S.Ct. 28, 29 L.Ed. 388]; First National Bank [of Canton, Pa.] v. Williams, 252 U.S. 504, 512 [40 S.Ct. 372, 64 L.Ed. 690]; The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeat-

ed if they receive another. Ibid: King County, v. Seattle School District, 263 U.S. 361, 363, 364 [44 S.Ct. 127, 68 L. Ed. 339]. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, New Orleans v. Benjamin, 153 U.S. 411, 424 [14 S.Ct. 905, 38 L.Ed. 764]; Defiance Water Co. v. Defiance, 191 U.S. 184, 191 [24 S.Ct. 63, 48 L.Ed. 140]; Joy v. St. Louis, 201 U.S. 332 [26 S.Ct. 478, 50 L. Ed. 776]; [City & County of] Denver v. New York Trust Co., 229 U.S. 123, 133 [33 S.Ct. 657, 57 L.Ed. 1101], and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."

" * * * a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby. Louisville & Nashville R. Co. v. Mottley, supra [211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126]." Mr. Justice Cardozo in Gully v. First Nat. Bank, 1936, 299 U.S. 109, 112, 113, 116, 57 S.Ct. 96, 98, 81 L.Ed. 70.

■ The face of the complaint filed by the State's Attorney on the relation of the non-resident director does not reveal a federal right or immunity in dispute. Defendants' bare allegation by way of the petition for removal and subsequent motions, that the action involves a question as to the Constitutionality of a statute providing for substituted service of process, will not suffice to satisfy the requirements of the removal statute. Bell v. Hood, 1946, 327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939; The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; Devine v. Los Angeles, 1906, 202 U. S. 313, 334, 26 S.Ct. 652, 50 L.Ed. 1046; Tennessee v. Union and Planters Bank, 1894, 152 U.S. 454, 14 S.Ct. 654, 38 L. Ed. 511; Andersen v. Bingham & G. Ry. Co., 10 Cir., 1948, 169 F.2d 328.

■ This phase of jurisdiction must be decided on the basis of whether the plaintiff's statement of its own case is based on a federal question unaided by the petition for removal or subsequent pleadings. That ultimately in subsequent proceedings it is possible or probable that a federal question will arise is not a basis to support federal jurisdiction. Gully v. First Nat. Bank, supra; Louisville & Nashville Ry. Co. v. Mottley, supra; H. N. Thayer Co. v. Binnall et al, D.C.1949, 82 F.Supp. 566, 567; Conques v. Louisiana Western Ry. Co., D.C.1925, 4 F.2d 611.

No such question appears in the complaint filed herein.

Diversity of citizenship being lacking, and absent any cause of action based on the Constitution or laws of the United States well pleaded in the complaint, this case is not one over which this court has jurisdiction.

The action must be remanded to the court from which it was removed.

Since the case is to be remanded to the Superior Court, no consideration need be given defendants' motions at this time. They may, of course, seek to obtain here, in a separate action, a three-judge court and stay of the state court proceedings.

At the hearing on the motions, the Court referred to the possibility of bringing such an independent action against the State's Attorney, requesting a three-judge court, in case of remand. This is not to be taken as indicating that such a court would be convened in the absence of a showing of imminent harm, great and immediate. Moreover, a stay of ouster or punishment by the state court pending final determination of the Constitutional questions by the state court and on review by the Supreme Court of the United States would require stay of any such action in a three-judge court, once convened.

The motion to remand is granted.