Thomas C. Chimera, J.
This is a motion by defendants pursuant to CPLB, 3211 (subd. [a], pars. 5, 7; and subd. [c]) to dismiss each of the 24 causes of action of this third amended complaint on the grounds that each fails to state a cause of action, among other reasons, (1) that the plaintiff has no individual right which he may assert but at most' a derivative stockholder’s right in behalf of the several corporation defendants; (2) that the applicable Statute of Limitations has run against each cause of action; and (3) that plaintiff’s allegations asserting an alleged partnership agreement with defendant Harry Shapolsky (Harry), allegedly made as long ago as 1939, pursuant to which he contributed funds to each of the defendant corporations, are without substance and without factual support, and that accordingly, as a matter of law, there is no issue to be tried.
This third amended complaint contains 24 causes of action. These causes of action, with the exception of the 13th cause of action, are substantially similar in form and seek recovery by plaintiff of shares of stock and certificates evidencing the same, of the defendant corporations (with the exception of the 299 Third Corp., named in the 13th cause of action). The 13th cause of action is for money only and is asserted against the individual defendant Harry Shapolsky alone. It recites a series of interlocked transactions in continuous sequence from 1939 to and including 1960. Plaintiff alleges that during that period he and the individual defendants (brothers in a closely knit family group) participated in various business transactions involving substantial sums of money and that a confidential relationship existed between plaintiff and defendant Harry. In August, 1939 plaintiff and defendant Harry are alleged to have entered into an oral agreement whereby they “ were to become equal partners in the future purchase, development and sale of improved and unimproved real estate for *832 speculation, each to furnish equal capital and to share equally in the profits and losses resulting from such dealings in real estate, and that such partnership business should be conducted by taking title to such real estate in the name of corporations to be formed, the partners plaintiff and the defendant Harry acquiring the shares of stock of such corporations. ’ ’
That pursuant to said partnership agreement, between August, 1939 and July, 1960, plaintiff and defendant Harry “ purchased, developed and sold upwards of 100 parcels of real property in the City of New York through corporations which they caused to be formed and which are named as defendants herein ”. That in said period: “ in connection with the financing of many of such parcels of real property, the defendant Harry duly executed written instruments as an officer and stockholder of the defendant corporations, authorizing mortgage financing and certifying that plaintiff and the defendant Harry were equal stockholders and officers in the corporations above named as defendants herein. ”
That in said period, i.e., “ between August 1939 and in or about July 1960, plaintiff, having full confidence, faith and trust in the defendant Harry, did not concern himself with the details of the organization of any of the defendant corporations or with the stock and transfer ledgers of said corporations, or the manner in which the stock certificates of said corporations were issued.” Plaintiff further alleges that on or about July 10, 1960, Harry refused to grant plaintiff’s demand “ to furnish plaintiff” with “stock certificates, contending that plaintiff had no interest in any of the defendant corporations. ” That said stock certificates were “ issued or transferred, without consideration, in the names of the defendants Harry or Martin Shapolsky, or their designee. ”
Plaintiff states that he is not attempting by his third amended complaint to control the internal management or affairs of the respective defendant corporations on the theory of a partnership or joint venture agreement. Plaintiff does not seek recovery for any damages that are common to all of the stockholders of defendant corporations or for any injury to the corporations themselves. Nor does he seek accounting of the corporations’ affairs on any theory, joint venture, partnership, or otherwise. He contends that the right to recover his individual stock certificates is his individual right predicated upon facts applicable solely to plaintiff and not cémmon to any other stockholders.
Defendant Harry denies any association, partnership, joint venture or other proprietary relationship between plaintiff and *833 himself; denies that plaintiff ever contributed any funds whatsoever to any of the said corporations or their ventures and insists that each and all of said corporations were his own ventures, financed in all respects by him alone or in collaboration with individuals (other than plaintiff). Harry further avers that if plaintiff acted as an officer and director of any of said corporations, it was only as Harry’s salaried employeedesignee; that none of the corporate defendants ever issued any stock to plaintiff; none of them set up any capital accounts for him on their books; none of them recognized any status in him, as stockholder; that plaintiff as employee and only as such, signed checks and had access to the corporate minute books, ledgers, stock certificate books, and books of account.
Obviously, on this posture of the litigation, Harry can do no more than rest on his denials.
Plaintiff submits a number of written documents, apparently signed and acknowledged by Harry, which substantially contradict Harry’s denials and averments.
It is defendants’ position that the alleged venture asserted by plaintiff was to and did operate through corporations, and, that accordingly, plaintiff may not be heard to refer to Harry as a partner; that individuals may not organize corporations to carry on joint ventures or partnership; that individuals may not be joint venturers or partners inter sese, and at the same time, corporate stockholders to the rest of the world.
It is settled that a stockholder of a corporation has no personal or individual right of action against third persons, including officers and directors of the corporations, for a wrong to the corporation. The wrong thus suffered by a stockholder is held to be the wrong suffered by the corporation and affects all stockholders alike.
Notwithstanding this general rule, a stockholder may maintain an action in his own right for an injury directly affecting him where it appears that the injury to the stockholder resulted from the violation of a duty owing to the stockholder from the wrongdoer, having its origin in circumstances independent of and extrinsic to the corporate entity. As was already said, plaintiff’s right to recover his individual stock certificates is an individual right predicated upon facts applicable solely to plaintiff and not common to any other stockholders. His right cannot be processed through the channel of a stockholder’s derivative action.
The cornerstone of the third amended complaint is the ownership of shares of stock in the defendant corporations. ■ Plaintiff’s claim for stock certificates, the indicia of his ownership, *834 is based upon an agreement derived from outside of the defendant corporations. The agreement upon which plaintiff predicates his claim for stock certificates “ runs alongside of the path ’ ’ of the defendant corporations and is extrinsic to the corporate entities. The allegations of the third amended complaint sufficiently set forth the alleged manner in which plaintiff became entitled to such shares of stock and how he fixes the percentage demanded.
This principle is clearly expressed in Manacher v. Central Coal Co. (284 App. Div. 380, 385, affd. 308 N. Y. 784): “a court of equity will intervene and grant relief where the agreement is extrinsic to the corporate entity. Relief is afforded the plaintiff not in his capacity as a stockholder but based upon an agreement derived from outside of the separate fictional existence of the corporation. Simply stated, the agreement or other factual situation upon which relief is granted runs alongside of the path of the corporation. ”
The defendant corporations, nevertheless, are proper jural parties for the limited and passive purpose of rendering them amenable to the orders of this court (cf. Kendig v. Dean, 97 U. S. 423; Matter of Clemente Bros., 19 A D 2d 568, affd. 13 N Y 2d 963). For similar reasons, defendant Martin Shapolsky is a proper party defendant.
There are sufficient allegations in the complaint respecting transactions between plaintiff and defendant Harry which possess the elements of agency and of trust reposed with respect to moneys received in a fiduciary capacity for the specific purpose of purchasing stock for plaintiff, requiring Harry to deliver to plaintiff his stock certificates and/or to account for the moneys received (cf. Rubenstein v. Small, 273 App. Div. 102; Rhodes v. Little Falls Dairy Co., 230 App. Div. 571, affd. 256 N. Y. 559).
Defendants contend that all of the causes of action are barred by the Statute of Limitations.
Plaintiff argues that the several causes of action are equitable in nature and are controlled by the Statute of Limitations governing equitable causes (Civ. Prac. Act, § 53; Hanover Fire Ins. Co. v. Morse Dry Dock & Repair Co., 270 N. Y. 86, 89) which is not cut down by CPLR 218. And further, that an action for an accounting based on a joint venture or partnership accrues on dissolution.
Whether or not the Statute of Limitations is a bar to the causes of action cannot be determined in this posture of the litigation without development of the facts. The present record is insufficient.
*835 Accordingly, the branch of the motion to dismiss the causes of action because of the bar of the Statute of Limitations is denied without prejudice and with leave to assert such defense in the answer.
That branch of defendants’ motion for summary judgment under CPLR 3211 (subd. [c]) is denied. There are sufficient triable issues. Summary judgment is denied not only when genuine issues are raised, but also where there is doubt as to the existence of a triable issue, or when its existence is arguable (Falk v. Goodman, 7 N Y 2d 87, 91) or when the issue is fairly debatable (Stone v. Goodson, 8 N Y 2d 8,12).