■ VICTOR EMPLETON, Respondent, v. D'ELIA GEMSTONES CORPORATION et al., Appellants.— Order, Supreme Court, New York County, entered on

January 31, 1974, denying defendant's motion to dismiss the third cause of action, unanimously reversed, on the law, the motion granted and the third cause of action dismissed and severed. Appellants shall recover of respondent $60 costs and disbursements of this appeal. The plaintiff, Victor Empleton (Empleton), had stored a collection of gems allegedly valued at $250,000 with D'Elia Gemstones Corporation (D'Elia). These stones were subsequently sold by the defendant with the permission of the plaintiff but defendant refused to return the balance of the gems held or the proceeds of the gems sold. Plaintiff therefore sued D'Elia and other individual defendants alleging three causes of action. The first cause of action alleges conversion by all the defendants, and the second alleges breach of an agreement between Empleton and D'Elia. The present appeal deals solely with the allegations in the third cause of action, in which Empleton alleges that he is a shareholder of D'Elia and further alleges that a conspiracy between the corporate and individual defendants existed to willfully defraud the plaintiff of his property by manipulation of the books of D'Elia. The motion to dismiss this third cause of action was grounded on the theory that such a cause of action must be initiated pursuant to subdivision (a) of section 626 of the Business Corporation Law as a derivative suit brought in the right of the corporation. The law is well settled that an individual may not bring a direct action solely on his own behalf for a wrong committed against a corporation of which he is a shareholder (*Greenfield* v. *Denner,* 6 N Y 2d 867, revg. on dissenting opn. in 6 A D 2d 263; *Niles* v. *New York Cent. & Hudson Riv. R. R. Co.,* 176 N. Y. 119). Accordingly, the motion to dismiss the third cause of action should have been granted. Concur — Markewich, J. P., Nunez, Murphy, Tilzer and Lane, JJ.