FIFTY STATES MANAGEMENT CORPORATION et al., Respondents,
v NIAGARA PERMANENT SAVINGS AND LOAN ASSOCIATION,
Appellant.

Fourth Department, July 12, 1977

*Rice, Rice, Hustleby & Chace (William D. Broderick* of
counsel), for appellant.

*Frank J. Bona (Francis X. Murphy* of counsel), for respon-
dents.

CARDAMONE, J. P. Niagara Permanent Savings and Loan
Association (Bank) appeals from a denial of its motion made
under CPLR 3211 (subd [a], par 7) to dismiss the six causes of
action alleged in the complaint of Fifty States Management

Corp. (Fifty States) and its president and treasurer Frank J. and Nancy J. Bona.

The suit was instituted following the Bank's cancellation of its previous commitment to loan Fifty States $325,000 on a mortgage for premises at 437 Washington Street in Buffalo.

In the complaint Fifty States and the Bonas alleged in the second cause of action damages of $500,000 because plaintiffs had to abandon other commitments; the third cause of action claimed $500,000 damages to Fifty States' reputation because the mortgage loan was not closed; the fourth and fifth causes of action each allege $500,000 damages on behalf of Frank and Nancy Bona, proposed personal guarantors of the mortgage, for injury to their reputation and standing in the business community. As we had occasion to state recently with respect to similar allegations contained in a complaint: "plaintiff may recover as damages for the breaches of contract only such as 'would naturally arise from the breach itself, or those that might reasonably be supposed to have been contemplated by the parties when the contract was made' (*Orester v Dayton Rubber Mfg. Co.*, 228 NY 134, 137)" (*Motif Constr. Corp. v Buffalo Sav. Bank*, 50 AD2d 718, 719). We held in *Motif* that, as a matter of law, damages arising from abandonment of other commitments and injury to reputation "were not contemplated at the time of the contract as naturally to arise in the event of a breach thereof" (p 719). We further concluded that regardless of whether there was a breach of contract, there is no tort liability absent a duty independent of the contract obligation (p 719; *Friedman v Roseth Corp.*, 270 App Div 988, affd 297 NY 495; 59 NY Jur, Torts, § 17). No such duty is alleged in plaintiffs' pleadings or answering affidavits to the motion to dismiss (*Shapiro v Health Ins. Plan of Greater N. Y.*, 7 NY2d 56). Further, in view of the fact that plaintiffs concede that the Bank had a profit motive in canceling the commitment, the element of intentionally seeking to injure plaintiffs essential to stating a cause of action for prima facie tort is lacking (*Advance Music Corp. v American Tobacco Co.*, 296 NY 79, 84). Thus, the allegations of the second, third, fourth and fifth causes of action in plaintiffs' complaint fail to state any valid cause of action and must be dismissed.

Plaintiffs' sixth cause of action must also be dismissed. In plaintiffs' first cause of action, it is alleged that defendant's unlawful, oppressive, tortious, willful and wanton cancellation and breach of contract caused plaintiff Fifty States to incur

financing expenses of $230,484.30 and loss of profit of $600,-000. Plaintiffs' sixth cause of action seeks identical damages on behalf of plaintiff, Nancy J. Bona, individually and as trustee of other stockholders. The liability to Nancy Bona, individually and as trustee, is claimed to derive from the fact that in order to reacquire clear title to the property the stockholders must bear the expenses if Fifty States is unable to do so, and, were the stockholders to lose ownership of the stock, they will incur a loss of profit of $600,000 as a result of defendant's breach of contract. We disagree. The sixth cause of action should be dismissed because the stockholders do not have a right to damages that is separate and apart from the right of the corporation. An individual shareholder has no right to bring an action in his own name and in his own behalf for a wrong committed against the corporation *(Bonneau v Bonneau,* 21 Misc 2d 879), even though the particular wrong may have resulted in a depreciation or destruction of the value of his corporate stock *(Kavanaugh v Commonwealth Trust Co.,* 181 NY 121; 11 NY Jur, Corporations, § 364). An election by a stockholder to sue in his own right or in the right of the corporation exists only where the facts constitute a wrong to the stockholder individually as well as a wrong to the corporation. Where the injury to the stockholder results from a violation of a duty owing to the stockholder from the wrongdoer, having its origin in circumstances independent of and extrinsic to the corporate entity, the stockholder has a personal right of action against the wrongdoer *(Shapolsky v Shapolsky,* 53 Misc 2d 830, affd 28 AD2d 513). Absent such independent duty, however, the wrong suffered by the shareholder is deemed to be the same as the wrong suffered by the corporation and there is no shareholder right of action separate and apart from the corporate right of action *(Shapolsky v Shapolsky, supra).* The stockholders of Fifty States have not stated facts which would entitle them to recover from the Bank separate and apart from the corporate plaintiff. The probability that their shares would depreciate in value because of loss of profit and expenses incurred by the corporation is not sufficient to state a cause of action separate and apart from that stated by Fifty States in its first cause of action.

The motion to dismiss the first cause of action which, as noted, claims loss of profits and additional financing expenses incurred as the result of the breach of contract was properly

denied by Special Term. The pleading subject to a motion made under CPLR 3211 (subd [a], par 7) is to be liberally construed and deemed to allege whatever can reasonably be implied from its statements. Viewed in that light plaintiffs have alleged (1) compliance with all the terms and conditions of the commitment letter dated March 2, 1973 and (2) a readiness and ability to close before the Bank's July 17, 1973 cancellation. The commitment letter contained a condition that the Bank's obligation to make the mortgage loan was subject to approval of title by its legal counsel. The Bank urges that plaintiffs' submission of a title report did not comply with this condition since the report showed liens on the property in excess of the mortgage loan sought. Contained in plaintiff's papers in opposition to the motion is an assertion that plaintiff was not requested to submit any further documents relating to acceptability of title. Mr. Bona contends that it was his understanding, by virtue of his telephone conversation with the loan officer at the Bank that, as of July 17, 1973 (the date on which he first received notice of cancellation), the title report and survey which he had submitted on May 15, 1973 had not yet been submitted to the Bank's counsel for examination. He further claims that he was advised that such documents would not be submitted until certain liens were cleared. Plaintiff asserts that when the commitment was made by the Bank, it knew that plaintiff had outstanding liens totaling $455,775.03 and that the loan was to be used to discharge a portion of these liabilities. Plaintiff further maintains that both parties understood that it would be in a position to give defendant a first lien on the property by payment of the liens from the proceeds of the loan and by subordination of the remaining liens by the closing date. In support of this contention, plaintiff submitted an affidavit sworn to by the president and principal stockholder of two mortgagee corporations, stating that he was prepared to subordinate his corporations' mortgages totaling $357,775 to the proposed mortgage loan which is the subject of this litigation.

Absent from defendant's affidavits in support of its motion to dismiss was any allegation that it had related to plaintiff the objections to title expressed by its legal counsel. Nor is there any reference to dates on which the Bank submitted the title report to its counsel and was advised of counsel's objections. Such an omission leaves unopposed the assertion, made by plaintiff that as of the date of cancellation (i.e., July 17,

1973), the Bank had not yet submitted the title report and survey to its counsel. On this record, therefore, plaintiff has alleged that it has satisfied all preliminary requirements enumerated in subsection H of the commitment letter merely by providing the Bank with a title report and that it is not responsible for further affirmative action until given notice of additional documents found to be required by the Bank's counsel.

Taking the assertions in the plaintiff's complaint and affidavits as true, as we must in a motion to dismiss, we conclude that the Bank's contention that plaintiff's first cause of action should be dismissed for failure to show performance of conditions precedent to the contract (i.e., providing additional documentation to clear title prior to the June 1, 1973 expiration date) should be rejected. It is well settled that a party cannot insist upon performance of a condition precedent when its nonperformance has been caused by the party itself *(Wagner v Derecktor,* 306 NY 386; *Stern v Gepo Realty Corp.,* 289 NY 274; *Amies v Wesnofske,* 255 NY 156; 10 NY Jur, Contracts, § 381). One who demands strict performance as to time by another party must perform on its part all of the conditions which are requisite in order to enable the other party to perform its part. A failure on the part of the party demanding performance to do the preliminary work required in order to enable the other party to complete its obligations within the time limit operates as a waiver of the time provision in the contract *(Dannat v Euller,* 120 NY 554; *Watson & Co. v Graves Elevator Co.,* 202 App Div 10).

In our view, there are sufficient allegations in Fifty States' complaint and affidavits with respect to the first cause of action to resist successfully a motion to dismiss under CPLR 3211 (subd [a], par 7) and this cause of action should proceed to trial in order to determine the factual issues raised.

The order should be modified by granting defendant's motion to dismiss the second through sixth causes of action alleged in plaintiffs' complaint and otherwise the order should be affirmed.

HANCOCK, DENMAN, GOLDMAN and WITMER, JJ., concur.

Order unanimously modified in accordance with opinion by CARDAMONE, J. P., and, as modified, affirmed, without costs.