OPINION OF THE COURT
Harold Hyman, J.
Defendants move for a change of place of trial from Queens County to Albany County. The basis for their application is allegedly "convenience of material witnesses.”
Plaintiff moves pursuant to CPLR 3211 (subd [a], par 7; subd [b]) to dismiss the "first” and "second” affirmative defenses and counterclaims of defendant, Cooper, on the ground that they state neither a defense nor counterclaim; and, to dismiss the "fourth defense and first counterclaim” and, the "fifth defense and second counterclaim” of the defendant, Irving Shotz "on the grounds that they neither set forth any cause of action or defense; and the defendant, Spector’s fourth defense and first counterclaim, fifth defense and second counterclaim.” The action is not complicated, yet it is rather unusual in its nature; it requires a brief resume of the pleadings in order to clarify the court’s determination herein and its consideration of plaintiff’s motion prior to considering those of defendants.
The complaint alleges that plaintiff is in the business of distributing and selling tobacco and related sundry articles; that defendant, Cooper, was an employee of plaintiff; that in June, 1976, the defendants were, and still are, the incorporators, officers, directors and stockholders of a New York corporation known as, "House of Brownstein, Inc.” (hereinafter Brownstein), that in June, 1976, plaintiff at* request of defendants, and based upon the defendants’ representations to plaintiff as to the financial condition of said Brownstein, began to furnish to defendants, through their corporation, Brownstein, various merchandise upon open account (credit), and that based upon defendants’ said representations agreed to extend to their corporate entity, Brownstein, credit in a sum not to exceed $30,000 at any given time; that the representations were false, known to be false, and were made by defendants solely for the purpose and intent of deceiving plaintiff and to induce plaintiff to extend credit to defendants’ alter ego, Brownstein; that plaintiff relied upon said representations and thus extended credit to defendants’ alter ego, Brownstein; that defendants willfully and deliberately concealed and suppressed material facts pertaining to the financial condition of Brownstein in falsely representing a lack of obligations and *673 loans, debts, and profitability or lack thereof and as to the business of Brownstein; that had plaintiff known of the falsity of such representations it would not have extended credit to defendants’ alter ego, Brownstein, but did so relying upon said representations being true.
As a second cause of action, plaintiff alleges that defendant, Stanley Cooper, was its employee charged with the responsibility and duty of supervising plaintiff’s relationship with the defendants’ alter ego, Brownstein; was the branch manager of plaintiff that supplied the merchandise to Brownstein and that he received the payments due to Brownstein and controlled plaintiff’s sales and its extensions of credit to Brown-stein; that while in such position of trust for plaintiff, defendant, Cooper, was also a stockholder, officer, director and incorporator with the other defendants of Brownstein, that while in such position of trust and supervision the defendant, Cooper, conspired with the other defendants to surreptitiously increase and extend unwarrantedly the line of credit of their alter ego, Brownstein, without revealing and disclosing same to plaintiff, and to thus defraud plaintiff, at the same time planning to form another and competitive business and to cause Brownstein to become insolvent; that in furtherance of such conspiracy to defraud plaintiff, defendants did form another corporation, "3 City Cash and Carry, Inc.” (hereinafter 3 City), at the same premises as that of Brownstein and diverted and comingled merchandise sold and delivered by plaintiff, through the medium of defendant, Cooper, to Brown-stein to and with that of 3 City, the customer list of Brown-stein to 3 City, among other charges contained in said complaint.
The defendant, Cooper, asserts as an affirmative defense and counterclaim, stating to the effect, that plaintiff exercised certain monopolistic activities in its purchasing or merging with other competitors in the area involved so as to exclude competition by reducing its prices for merchandise and extending credit for purchases made by customers and thereby causing 3 City to cease doing business, thereby causing him, Cooper, personal damage; he also seeks treble damages.
The defendants, Shotz, for all intents and purposes, repeat the same affirmative defenses and counterclaims in their answer as does the defendant, Spector.
The basic issue raised by plaintiff is, that, defendants designated affirmative defenses and counterclaims and do not *674 set forth a defense or cause of action in favor of the individuals involved. Plaintiff maintains that, at best, if a defense or cause of action does exist it is one belonging to the corporate entity or entities, but not to the individual stockholders; defendants maintain that it does.
Defendants’ enumerated affirmative defenses and counterclaims concern themselves with the contention of "monopoly” and therefore with the construction of such part of subdivision 5 of section 340 of the General Business Law which permits, if it does, these defendants to assert such defenses and counterclaims.
Subdivision 5 of section 340 of the General Business Law was amended by chapter 333 of the Laws of 1975, effective July 1, 1975. Prior to July 1, 1975 only the Attorney-General of the State had the right to seek restraint or recovery of damage for a violation of said statute; the right was given to him by sections 342 and 342-a.
By chapter 333 of the Laws of 1975, subdivision 5 of section 340 of the General Business Law was amended so as to also provide that, "The state * * * or any person who shall sustain damages by reason of any violation of this section, shall recover three-fold the actual damages”. (Emphasis added.) It is based upon such amendatory verbiage that plaintiff, by its present motion, thus brings directly into legal focus for the first time since enactment, the issue as to whether these defendants are or are not, such "person[s]” who are entitled to recover under the statute; plaintiff contends that they are not, whereas defendants maintain that they are.
In Greenfield v Denner (6 AD2d 263) plaintiff, a stockholder, sought to recover damages caused to his investment in a corporation because of an alleged fraudulent liquidation of the corporation; the court at Special Term had dismissed that cause of action; the Appellate Division reversed such dismissal; the Honorable Charles D. Breitel (now Chief Judge of the Court of Appeals) therein dissented stating (pp 269-270):
"In the first place, if the first cause of action is for damage to plaintiff’s 'investment’, then, by definition, all damage to the investment is damage to the corporation, and the derivative cause of action in the complaint provides unrestricted scope to assess and recover that damage * * * The fraud or breach of trust will support a derivative action. Thus, unless there is direct damage personal to plaintiff, he may not sue in his individual capacity * * *
*675 "So, in Gordon v. Elliman (306 N. Y. 456, 466, supra), the court quoted from Von Au v. Magenheimer (126 App. Div. 257, affd. 196 N. Y. 510) to the effect that: 'A stockholder cannot maintain a personal action for a wrong to the corporation merely because the indirect result is a diminution in the value of his shares (Niles v. N. Y. C. & H. R. R. R. Co., 176 N. Y. 119).’ ” (Emphasis supplied.) On appeal to the Court of Appeals in Greenñeld (6 NY2d 867, 869), said court reversed the Appellate Division and dismissed that (the first) cause of action "for the reasons set forth in the dissenting opinion in the Appellate Division”. (See, also, Berzin v Litton Ind., 24 AD2d 740.)
Defendants maintain that Perkins v Standard Oil Co. (395 US 642) recognizes the individual stockholder’s right to sue for damages. This court disagrees with such interpretation of that case on the ground that in the cited case there was, as stated by Judge Breitel in the Greenñeld case (p 269), "direct damage personal to plaintiff” (emphasis supplied), whereas in the instant matter the damage, if any, is at best "derivative”, emanating only out of the corporations concerned and allocatable through them; the cited case is therefore inapposite.
There appears no "direct damage” to defendants herein, their action is derivative and allocatable by the corporation, if they are successful; and do not come within the purview of "person[s]” provided for in subdivision 5 of section 340 of the General Business Law.
The afore-mentioned enumerated affirmative defenses and counterclaims are, therefore, dismissed for legal insufficiency, and plaintiff’s motion for such relief is granted.
With respect to the motion of the defendant, Cooper, to change the place of trial of the action from Queens County to Albany County for "the convenience of witnesses”, the papers submitted by movant are insufficient as a matter of law. The papers merely indicate that movant "intends to call” certain named people as witnesses. There is definitively a lack of any allegation or proof that such alleged persons have been contacted or interviewed, nor, what they say their testimony will be, or even whether they are available to defendant as a witness. At best, movant hopes to obtain such people as witnesses in his behalf; such is a mere "hope”, nothing more. It cannot be used as a base for a motion of this nature, something more substantial, more specifically definitive is required. Furthermore, there is no statement by movant or his *676 attorney that the testimony of said persons, upon the advice of counsel, is material and necessary upon the trial of this action (Radatron v Z.Z. Auto Tel., 30 AD2d 760).
Although the defendants’ answers, affirmative defenses and counterclaims are virtually the same, the four defendants appear by three separate and distinct attorneys. Only defendant, Cooper, has moved for the relief. No reason has been set forth why the three other defendants do not join in said application. As stated in Lyman v Gramercy Club (28 App Div 30, 34), "The rule is that a motion to change the place of a trial of an action for the convenience of witnesses must be made by all the defendants who defend, unless some reason is shown why all did not join. (Sailly v. Hutton, 6 Wend. 508; Legg v. Dorsheim, 19 id. 700; Brittan v. Peabody, 4 Hill, 62, n.; Welling v. Sweet, 1 How. Pr. 156.)”
In any event, today’s method of travel by highway bus, personal automobile, airplane or train certainly makes travel from the Albany area easily accessible to Queens County.
As to trial calendars, it has not been shown how long the delay is in Albany County but an examination by this court of the Twenty-Second Annual Report of the New York Judicial Conference (1977) indicates that the Supreme Court projected average age of any case is 15 months and that of Queens County only 12 months. It would therefore appear that expeditious handling of a civil case in this county (Queens) would result in a determination at least three months prior to one in Albany County.
The motion to change the place of trial is denied.