SUFFOLK ROADWAYS, INC., Respondent, and GEORGE C. DAGHER, JR., et al., Appellants, v HANOVER INSURANCE COMPANY et al., Appellants-Respondents.—Order, Supreme Court, New York County, entered March 30, 1978, unanimously modified, on the law, to reflect the correction of said order to indicate that the motion of defendant Leroy Van Nostrand to dismiss the complaint for failure to state a cause of action against him is granted as to the individual plaintiffs and to the extent of reversing so much of said order as failed to dismiss the complaint as against the corporate plaintiff, and, as modified, affirmed, without costs or disbursements. While the order appealed from makes reference to the motion by defendant Van Nostrand to dismiss the complaint for failure to state a cause of action against him, which motion parallels in this respect the motions of the other defendants, and while it appears from the memorandum decision of the court that the motions of *all* the defendants to dismiss the amended complaint for failure to state a cause of action were granted insofar as the individual plaintiffs are concerned, inadvertently the decretal paragraphs failed to specify that the relief afforded the other defendants also encompassed defendant Van Nostrand. Accordingly, the order appealed from is corrected to cure this unintentional omission (CPLR 5019, subd [a]). The amended complaint seeks $2,000,000 in damages for an alleged injury to the business of the corporate plaintiff Suffolk Roadways, Inc., caused by conspiratorial acts of the defendants in that "on or about June 24, 1963, the defendant The Hanover Insurance Company with the connivance of the defendants Van Nostrand, Hart and Wells improperly entered into an agreement with the Suffolk County Water Authority without the knowledge of the plaintiffs wherein the Suffolk County Water Authority turned over to the defendant The Hanover Insurance Company the sum of $52,708.35 which was part of the money due the plaintiff Suffolk Roadways, Inc." It was further alleged that this conspiracy aimed at postponing the payment of

money due the corporate plaintiff caused the dissipation by said plaintiff of its cash assets with consequent forced dissolution. It appears that in connection with a 1962 road resurfacing contract obtained by the corporate plaintiff from the authority, the former furnished a performance and payment bond obtained from Hanover. It appears that concern subsequently arose as to whether the moneys owed the corporate plaintiff would be disbursed as required by article 3-A of the Lien Law. The authority and Hanover entered into an agreement dated June 24, 1963 pursuant to which the authority turned over to Hanover the sum of $52,708.35 due the corporate plaintiff to be applied in payment of claims under the performance bond in accordance with article 3-A of the Lien Law without prejudice to any rights which the corporate plaintiff may have against the authority. Initially we note that the individual plaintiffs, the shareholders of the corporate plaintiff, do not have standing as the only injury alleged is to the corporation. The complaint, insofar as the corporate plaintiff is concerned, essentially pleads an injury to property which must be brought within three years (CPLR 214, subd 4). The damages allegedly sustained were incurred in consequence of the authority and Hanover entering into the June 24, 1963 agreement. This is not an action in contract, but is one sounding in tort— the tortious conduct by the entry by defendant Hanover into the June 24, 1963 agreement. "A conspiracy to commit an actionable wrong is not in itself a cause of action (*Moskin v. Lyden,* 200 App. Div. 304)" (*Glaser v Kaplan,* 5 AD2d 829, 830). Accordingly, the claim as pleaded is time-barred. Concur—Kupferman, J. P., Lupiano, Lane and Sandler, JJ.