SAXE, BACON & BOLAN, P.C., Roy M. Cohn, Thomas A. Bolan, Stanley M. Friedman, Michael Rosen, Thomas A. Andrews, John F. Lang, Louis Biancone, B. Vincent Carlesimo, Howard F. Husum, Filip Tiffenberg, Lawrence Abramson, Theodore Teah, Lawrence Campanelli, Plaintiffs,

v.

MARTINDALE–HUBBELL, INC., Defendant.

No. 80 Civ. 5293 (RWS).

United States District Court, S. D. New York.

Jan. 16, 1981.

As Amended Jan. 29, 1981.

Saxe, Bacon & Bolan, P. C., New York City, for plaintiffs; Roy M. Cohn, John A. Kiser by John F. Lang, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant; by Robert MacCrate, Nadine Strossen, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs Saxe, Bacon & Bolan, P. C. ("Saxe, Bacon") a New York professional service corporation engaged in the practice of law, and thirteen individual attorneys affiliated with Saxe, Bacon (the "individual plaintiffs") brought this action in New

York State Supreme Court against defendant Martindale-Hubbell, Inc. ("M–H") a New Jersey corporation and publisher of the Martindale-Hubbell Law Directory (the "Directory"). The complaint alleges that M–H's failure to list Saxe, Bacon and its constituent attorneys in the Biographical Section of the Directory is a monopolistic practice restricting competition in violation of New York's antitrust statute, N.Y.Gen. Bus. Law § 340 (McKinney Supp.1980) (the "Donnelly Act").[1] Plaintiffs seek injunctive relief and treble damages of $1,500,000. M–H filed a petition for removal of the case to this court pursuant to 28 U.S.C. §§ 1332, 1441 on the ground of diversity jurisdiction, and served its answer. Plaintiffs now move to remand the case to state court, claiming that the New Jersey residence of some of the individual plaintiffs nullifies this court's subject matter jurisdiction. For the reasons set forth hereunder, the motion to remand is denied.

The Directory, published annually, contains names, addresses and certain other information regarding lawyers in the United States and Canada and other foreign countries. It is divided into several major sections, including the "Geographical Section" and the "Biographical Section." According to the foreword, the former is designed as a complete roster of the Bar of the United States and Canada. Saxe, Bacon is and has been listed in this section. The latter, on the other hand, contains so-called "professional cards" only for those subscribing offices whose eligibility is established as a result of recommendations received in a confidential investigation. M–H's practice with regard to this section has been and continues to be that listings are by law office. An eligible law office may include in its firm listing none, any, or all of its constituent attorneys as it pleases. Thus, while an eligible individual practitioner would have his own listing in the Bio-

graphical Section, an individual attorney affiliated with a law office may appear in the Biographical Section under the firm's name but may not have his own individual listing. Saxe, Bacon is not listed in this section, and thus neither are any of its constituent attorneys, including the individual plaintiffs herein.

The individual plaintiffs do not challenge M–H's practice of listing by eligible office only. By challenging M–H's failure to list the "constituent attorneys" as well as Saxe, Bacon itself, the individual plaintiffs apparently rest on the assumption that were the firm listed, it would choose to include them individually in the listing. They assert direct injury in being deprived of the "right and privilege of being affiliated with a prestigious law firm" in the Directory, and in being deprived of the "substantial legal business and recognition in the legal community and public sector" which presumably would attend such listing.

There is no dispute as to the New Jersey citizenship of three of the individual plaintiffs; the issue on this motion for remand is whether they are proper party plaintiffs in this action, thereby destroying this court's subject matter jurisdiction and rendering removal improper. *Strawbridge v. Curtiss,* 3 Cranch. 267, 7 U.S. 267, 2 L.Ed. 435 (1806). *See City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941).

■ In determining whether complete diversity exists so as to support removal under 28 U.S.C. § 1441(a) and (b), the court disregards the presence of nominal parties with no real, or direct interest in the controversy. *Salem Trust Co. v. Mfr's Finance Co.,* 264 U.S. 182, 189–90, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924); *Irving Trust Co. v. Century Export & Import, S.A.,* 464 F.Supp. 1232, 1242 & n.14 (S.D.N.Y.1979); 1A Moore's Federal Practice, ¶ 0.161[2] (1979);

1. The original complaint, served on August 20, 1980, does not clearly assert claims by the individual plaintiffs, nor does it pray for relief on their behalf. Attached to the motion for remand is a proposed amended complaint, which does both. This amended pleading may

not be filed as of right since M–H had already answered the complaint. Fed.R.Civ.P. 15(a). However, for the sake of completeness, the court considers it in deciding the instant motion.

see also American Mfr's Mutual Insurance Co. v. Manor Investment Co., 286 F.Supp. 1007, 1010 (S.D.N.Y.1968).[2]

■ A party to an action is nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf, as the case may be. This is determined with reference to substantive law of the state where the federal court sits. See Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977); Quinn v. Post, 262 F.Supp. 598 (S.D.N.Y.1967) (Weinfeld, J); 1A Moore's, supra, ¶ 0.161[2] at 212; 3A id., ¶ 17.07 at 17–73. In interpreting state law on a motion for remand, the burden of proving the nominal nature of the non-diverse party is on the party making that claim. See Quinn v. Post, supra, at 603; Puritan Fashions Corp. v. Courtaulds Ltd., 221 F.Supp. 690, 696 (S.D.N.Y.1963); doubts are to be resolved in favor of remand. 1A Moore's supra, ¶ 0.161[2] at 212.

As a professional corporation incorporated under the laws of New York and bringing an action under New York law, Saxe, Bacon's power to sue is derived from and limited by the general corporate law of this state. N.Y.Bus.Corp.Law § 1513 (McKinney Supp.1980); Id. § 202(a)(2) (McKinney 1963).

■ As for the individual plaintiffs, it is undisputed that they do not have standing to sue for injury to the corporation with which they are affiliated. Suffolk Roadways, Inc. v. Hanover Insurance Co., 64 A.D.2d 591, 407 N.Y.S.2d 173 (1st Dep't. 1978); Empleton v. D'Elia Gemstones Corp., 46 A.D.2d 751, 360 N.Y.S.2d 683 (1st Dep't. 1974); see Gordon v. Elliman, 306 N.Y. 456, 466, 119 N.E.2d 331 (1954). Furthermore,

the fact that a person closely affiliated with a corporation—such as a principal shareholder—is incidentally injured by an injury to the corporation does not confer on the individual standing to sue on the basis of either that indirect injury or the direct injury to the corporation. See Weiner v. Winters, 50 F.R.D. 306, 310 (S.D.N.Y.1970); Fleischer v. A.A.P. Inc., 222 F.Supp. 40 (S.D.N.Y.1963), aff'd., 329 F.2d 424 (2d Cir.), cert. denied, 379 U.S. 835, 85 S.Ct. 68, 13 L.Ed.2d 43 (1964); Fifty States Management Corp. v. Niagara Permanent Savings & Loan Assoc., 58 A.D.2d 177, 179, 396 N.Y.S.2d 925, 927 (4th Dep't. 1977). The rule applies even where the individual plaintiff is the sole shareholder in the purportedly injured corporation. Green v. Victor Talking Machine Co., 24 F.2d 378, 380–81 (2d Cir.), cert. denied, 278 U.S. 602, 49 S.Ct. 9, 73 L.Ed. 530 (1928). Even more specifically, individuals closely affiliated with a corporation (incorporators, officers, directors and stockholders) have been held to lack standing as "persons" to seek recovery under the Donnelly Act for individual injury incidental to that inflicted on the corporation. Metropolitan Tobacco Co. v. Shotz, 93 Misc.2d 671, 402 N.Y.S.2d 955, 957–58 (Sup.Ct.Queens Co. 1978);[3] cf. Vincel v. White Motor Corp., 521 F.2d 1113, 1119 (2d Cir. 1975); Guthrie v. Genesee County, New York, 494 F.Supp. 950, 954 (W.D.N.Y.1980).

There are some recognized exceptions to the rule. An individual cause of action may exist for a shareholder of an allegedly wronged corporation due to "the nature of the wrong alleged, or a special relationship between the suing shareholder and the defendant creating a duty, contractual or otherwise, other than that owed to the corpora-

---

**2.** While this doctrine has most often been applied to the "fraudulent joinder" of defendants to defeat removal, see 14 C. Wright & A. Miller, Federal Practice and Procedure § 3723 at 606 and cases cited at n.47 (1976 ed. and 1979 supp.), the reasoning applies as well to the joinder of plaintiffs who lack a cognizable or direct interest in the controversy. Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977); Bill v. Carr, 88 F.Supp. 578 (D.Conn.1949); 14 C. Wright & A.

Miller, supra, § 3641 at 120; 6 id. § 1556; 3A Moore's, supra, ¶¶ 17.04, .07.

**3.** This apparently is the first case to interpret the reach of the clause "any person who shall sustain damages" in subdivision 5 which was added to section 340 of the General Business Law in 1975. Metropolitan Tobacco, supra, 402 N.Y.S.2d at 957. Search has revealed no subsequent cases on point.

tion." *Vincel v. White Motor Corp., supra,* at 1118. *See Henry v. General Motors Corp.,* 236 F.Supp. 854, 856–57 (N.D.N.Y. 1964) ("Individual action may only be maintained where 'fraud, deceit, or bad faith' have been practiced upon [principal shareholder of company owning auto dealership] as an individual."); *Fifty States Management, supra* (Individual right of action under this exception denied in action arising from defendant bank's cancellation of previous commitment to make a loan to plaintiff company on a mortgage; the fact that principal stockholders would have to bear the expense of reacquiring title to the property if plaintiff company is unable to do so, and stand to lose a great deal of money individually, is insufficient); [4] *Greenfield v. Denner,* 6 A.D.2d 263, 175 N.Y.S.2d 918, 925 (1st Dep't. 1958) (Breitel, J. dissenting), *reversed,* 6 N.Y.2d 867, 869, 188 N.Y.S.2d 986, 987 (1959); *cf. York Chrysler-Plymouth, Inc. v. Chrysler Credit Corp.,* 447 F.2d 786, 790–91 (5th Cir. 1971). An action also lies for a shareholder in "situations in which an action by or on behalf of the corporation provides no remedy to an injured shareholder," such as a "freeze out" or dilution of the individual's interest. *Vincel v. White Motor Corp., supra,* at 1119. *See Green v. Victor Talking Machine Co., supra,* at 381; *Gordon v. Fundamental Investors, Inc.,* 362 F.Supp. 41, 45 (S.D.N.Y.1973).

Given the controlling precedent and the nature of plaintiffs' claims herein, the individual plaintiffs do not make out the requisite independent claims or injuries so as to be considered proper or real party plaintiffs in this action. This conclusion is reached with due regard given to the proposed amended complaint, *see* note 1, although, strictly speaking, the only pleadings properly before the court on this motion are those existing at the time of removal. In the proposed amended complaint the words "constituent attorneys" have been included in each clause which asserts a claim or prays for relief; however, M–H's policy of listing the professional cards only of eligible law offices in the Biographical Section of the Directory is unchallenged, and on the complaint as a whole no claim is spelled out to entitle the individual plaintiffs, separate and apart from Saxe, Bacon, to recover from M–H.

Financial injury of the sort claimed by the individual plaintiffs repeatedly has been held to be an indirect or incidental injury necessarily suffered by an individual affiliated with a directly injured corporation—for which the individual has no cause of action separate from that of the corporation. *Vincel, supra; Fleischer, supra; Metropolitan Tobacco, supra.*[5] No authority has been cited or discovered in support of plaintiffs' separate claim of injury—direct or otherwise—to the individual plaintiffs' right to the prestige attending affiliation with a firm listed in the Directory. *Cf. Fifty States Management, supra,* 396 N.Y. S.2d at 926–27. In sum, the allegations of direct, independent harm to the individual plaintiffs are insufficient to overcome the clear weight of the relevant case law to the contrary.

Since on the law and the facts before the court the individual plaintiffs, including the three New Jersey citizens, have been demonstrated to lack direct, legally cognizable interest in the litigation, and the only plaintiff with such interest—Saxe, Bacon—is a citizen of New York, this action, as re-

---

4. In support of its holding, the court in *Fifty States Management, supra,* stated:

   Where the injury to the stockholder results from a violation of a duty owing to the stockholder from the wrongdoer, having its origin in circumstances independent of and extrinsic to the corporate entity, the stockholder has a personal right of action against the wrongdoer (*Shapolsky v. Shapolsky,* 53 Misc.2d 830, 279 N.Y.S.2d 747, *aff'd.* 28 A.D.2d 513, 282 N.Y.S.2d 163). Absent such independent duty, however, the wrong suf-

   fered by the shareholder is deemed to be the same as the wrong suffered by the corporation and there is no shareholder right of action separate and apart from the corporate right of action ....
   396 N.Y.S.2d at 927.

5. Parenthetically, only one of the three individual plaintiffs submitting affidavits attesting to their non-diversity describes himself as a member of the Saxe, Bacon firm. The other two characterize themselves as associates.

moved, is properly within this court's diversity jurisdiction. The motion to remand to New York Supreme Court is denied.

IT IS SO ORDERED.