■ NEW CASTLE SIDING COMPANY, INC., Plaintiff, v HORACE WOLFSON et al., Defendants, and WAYNETT A. SOBERS, JR., Respondent, and DAVID SMITH, Appellant. — Appeals by additional defendant Smith (1) from an order of the Supreme Court, Westchester County (Rosenblatt, J.), dated November 16, 1982, which denied his motion to dismiss a cross claim asserted against him by defendant Sobers for failure to state a cause of action and (2), as limited by his brief, from so much of an order of the same court, dated April 4, 1983, as, upon reargument, adhered to the original determination. Appeal from the order dated November 16, 1982, dismissed. That order was superseded by the order

dated April 4, 1983, made upon reargument. Order dated April 4, 1983 reversed, insofar as appealed from, order dated November 16, 1982 vacated, motion granted and the cross claim of defendant Sobers against appellant dismissed. Appellant is awarded one bill of costs. Sobers, a 50% shareholder in the New Castle Siding Company, Inc., concedes that Smith's contract to perform accounting services was with the corporation and not with him as an individual. Generally, corporations have an existence separate and distinct from that of their shareholders (*Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152), and an individual shareholder cannot secure a personal recovery for an alleged wrong done to a corporation (*Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177; *Empleton v D'Elia Gemstones Corp.,* 46 AD2d 751; *Vincel v White Motor Corp.,* 521 F2d 1113; *Fleischer v Paramount Pictures Corp.,* 329 F2d·424, cert den 379 US 835). The fact that an individual closely affiliated with a corporation (for example, a principal shareholder, or even a sole shareholder), is incidentally injured by an injury to the corporation does not confer on the injured individual standing to sue on the basis of either that indirect injury or the direct injury to the corporation (*Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn., supra; Green v Victor Talking Mach. Co.,* 24 F2d 378, cert den 278 US 602). Where, however, for example, it appears that the injury to a shareholder resulted from the violation of a duty owing to the shareholder from the wrongdoer, having its origin in circumstances independent of and extrinsic to the corporate entity, an ·individual cause of action may exist for a shareholder of an allegedly wronged corporation (*Shapolsky v Shapolsky,* 53 Misc 2d 830, affd 28 AD2d 513; cf. *Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn., supra*). There is no indication that such an independent duty exists as between Smith and Sobers. Therefore, Sobers does not have an individual cause of action against Smith and the cross claim against Smith must be dismissed. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.