**Armando NANNUZZI, Plaintiff,**

v.

**Stephen KING, Martha Schumacher, Marilyn Stonehouse, Steve Galich, David Sandlin, Mel Pearl, Don Levin, Dino DeLaurentiis, Dino DeLaurentiis Corporation, Dino DeLaurentiis Productions, Inc., Trucks Productions, S.A., International Film Corporation, Adams Apple Productions, Bon Bon Entertainment, Inc., Marquis Productions, Inc., North Carolina Film Corporation and Sabre Effects Co., Defendants.**

No. 87 Civ. 1058 (LBS).

United States District Court,
S.D. New York.

May 21, 1987.

Robert L. Herbst, New York City, for plaintiff.

Jay D. Kramer, New York City, for defendant Stephen King.

Capriano & Lichtman, P.C., New York City, for defendants Martha Schumacher and Intern. Film Corp.

Simpson Thacher & Bartlett, New York City, for defendants Adams Apple Productions, Productions Ltd., sued as Truck Productions, Ltd., Dino DeLaurentiis Corp., David Sandlin and Melvin Pearl; Barry Ostrager and Sharon Thompson, of counsel.

Michael S. Goodman, Hackensack, N.J., for defendants Bon Bon Entertainment, Inc. and Marquis Productions, Inc.

Quirk & Bakalor, P.C., New York City, for defendants Deg Film Studios, Inc., sued as North Carolina Film Corp.

SAND, District Judge.

Plaintiff, Armando Nannuzzi, moves pursuant to 28 U.S.C. § 1447(c) to remand his personal injury case to the Supreme Court, State of New York, New York County as improvidently removed to the Southern District of New York. For the reasons discussed below, the motion is granted.

### Background

This is an action sounding in negligence and strict liability against numerous defendants which arises from an incident occurring on July 31, 1985 on the set of a motion picture entitled "Maximum Overdrive." On that date, plaintiff, a cinematographer employed as the film's Director of Photography, allegedly sustained severe and permanent damage to his "shooting eye" when a remote-controlled power lawnmower lost control and splintered wooden wedges on which a camera was resting. *See* Complaint ¶¶ 44–49. Plaintiff commenced this action in state court on September 12, 1986 by service of a summons and complaint on defendant Marquis Productions, Inc. ("Marquis"). Approximately five months later, on February 17, 1987, defendant Adams Apple Productions ("Adams Apple"), waiving service of process, petitioned for removal based on diversity pursuant to 28 U.S.C. § 1441(a), and the case was removed to this Court. In the interval between Nannuzzi's September 1986 service of the summons and complaint on Marquis, and Adams Apple's February 1987 filing of the petition for removal, service was effected on other defendants as indicated on the following reference chart:

| Defendants | Dates of Service |
|---|---|
| BON BON ENTERTAINMENT, INC. | September 26, 1986 |
| INTERNATIONAL FILM CORPORATION | September 29, 1986 |
| DINO DE LAURENTIIS PRODUCTIONS, INC. | September 29, 1986 |
| DEG FILM STUDIOS, INC. (sued as "North Carolina Film Corporation") | November 5, 1986 |
| STEPHEN KING | November 24, 1986 |
| DINO DE LAURENTIIS | February 13, 1987 |
| DAVID SANDLIN | February 13, 1987 |

The February 17, 1987 petition for removal, filed on behalf of Adams Apple, stated that seven other defendants (Dino DeLaurentiis, Dino DeLaurentiis Corp., Truck Productions, Mel Pearl, Don Levin, Marilyn Stonehouse, and Steve Galich), also represented at the time by the firm representing Adams Apple, consented to removal of the action to federal court. However, the petition noted the consent of only two of the defendants served on or before February 13, 1987: Dino DeLaurentiis and DEG Film Studios, Inc. (sued as North Carolina Film Corporation). Of these two, DEG Film Studios, Inc. had been served more than three months earlier. The other served defendants listed on the reference chart, *see infra,* as well as defendant Martha Schumacher (who had appeared in state court through counsel for International Film Corporation in an answer filed jointly on December 31, 1986) and defendant Marquis, are simply not referred to in the removal petition. A final factual observation is that plaintiff alleges that defendant Marquis and defendant Bon Bon Entertainment, Inc. ("Bon Bon") are New York residents. *See* Affirmation in Support of Motion for Remand at ¶ 4.

### Discussion

Plaintiff argues that removal was improvident on two grounds either of which, if established, would be sufficient to warrant a remand. First, plaintiff contends that the parties did not consent to removal in a timely fashion. Second, plaintiff argues that the presence of two previously served defendants who are residents of New York State, from whose courts this action was removed to federal court, precludes removal under 28 U.S.C. § 1441(b).

■ The burden of establishing the propriety of removal rests on the party who has filed the petition for removal. *Ortiz v. Gen. Motors Acceptance Corp.,* 583 F.Supp. 526, 530 (N.D.Ill.1984). Under the facts of this case, two interrelated rules regarding removal make that burden insurmountable. 28 U.S.C. § 1446(b) requires that a petition for removal be filed within thirty days of the receipt by the defendant

of the initial pleading in the case. In addition, and of significance here, the unanimous consent of all defendants in a multi-party case is generally a precondition to removal. *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986). Pursuant to the unanimous consent rule, the law requires that a removal petition set forth that "each of the defendants desires, and is eligible for, removal." *Ortiz,* 583 F.Supp. at 529. Where defendants are served at different times, and previously served defendants who would have to consent to removal, abstain from seeking removal or fail to petition for removal in a timely fashion, the prevailing rule is that a subsequently served defendant may not in ordinary circumstances remove the case. *Brown,* 792 F.2d at 481; *see also* 1A J. Moore, *Moore's Federal Practice* § 0.168 [3.5–5], 586–87 (2d ed. 1985). Thus, "the thirty-day period starts to run from the time of service on the first defendant who would have to be joined in the removal petition." 1A J. Moore, *Moore's Federal Practice, supra,* at 586. Underlying these prevailing principles is the rule of unanimity, which is violated when the first defendant whose consent is required fails to effect removal within thirty days of service. *Brown,* 792 F.2d at 482.

■ Recitation of the prevailing removal rules, which Adams Apple and the other defendants who have submitted papers in opposition to the motion urge us to reject, underscores the deficiencies present here. Adams Apple's petition for removal listed the consent of only some of the previously served defendants. Unanimous consent to removal was not obtained and could not have been obtained due to the failure of the previously served diverse defendants to seek removal in a timely fashion. Defendant International Film Corporation, as noted above, had not only failed to petition for removal within thirty days of the September 29, 1986 service upon it, but also had filed discovery demands in the state court proceeding in December 1986. *See* Plaintiff's Reply Affirmation at 4. The consent of this latter defendant was not noted in the removal petition and was only belatedly set forth in a May 7, 1987 affirmation in

opposition to plaintiff's motion to remand. The consent to removal of all other defendants not named in Adams Apple's petition is similarly belated.

In opposition to the motion to remand, it is argued that any deficiencies in the removal petition are mere procedural irregularities that do not warrant remand. In this connection, Adams Apple argues that it believed that those defendants whose consent was noted in the remand petition were the only ones which plaintiff had served as of the time the petition was filed. *See* Memorandum of Law in Opposition to Plaintiff's Motion to Remand at 6. No case has been cited, however, which supports the proposition that the removal requirements should be suspended due to a defendant's belief that other previously served defendants whose consent to removal is required have not been served. In any event, the basis for Adams Apple's belief does not appear in the record. There is no indication that Adams Apple contacted the previously served defendants whose consent was not recorded. At the oral argument, counsel for defendants International Film Corporation and Martha Schumacher stated that they had not been contacted about removal, but now consent thereto.

This is not a case in which recognized exceptions to the requirement that all defendants join in a removal petition are applicable. Such exceptions exist where "(1) non-joining defendants had not been served with process at the time the removal petition was filed, (2) those defendants are merely nominal or formal party defendants, or (3) the removed claim is separate and independent of one or more non-removable claims against the non-joining defendants." *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 446 n. 1 (N.D.N.C.1982); *see also* 28 U.S.C.

§ 1441(c). None of these situations obtains here.[1]

Other equitable considerations which might support a relaxation of the removal requirements are likewise not present. Adams Apple and the other defendants represented by the same firm as well as defendant Stephen King contend that plaintiff Nannuzzi has waived his right to object to removal by waiting more than two months after removal before indicating an intent to seek remand. It is true that a party by his actions may effectively acquiesce in removal to a federal forum and thereby waive the right to object thereto. *See, e.g., Harris v. Edward Hyman Co.*, 664 F.2d 943, 945 (5th Cir.1981). However, the facts of this case do not support a finding of waiver. We note in this connection that at the first status conference noticed by the court subsequent to removal, plaintiff Nannuzzi indicated an intent to move to remand the case. In addition, we note that this is not a case in which the record reflects that plaintiff has delayed service on defendants in an attempt to frustrate removal.

The second ground plaintiff advances in support of his motion is one on which we need not rely but which provides additional support for remand. 28 U.S.C. § 1441(b) provides that diversity actions "shall be removable only if none of the parties in interest properly joined and served on defendants is a citizen of the state in which such action is brought." According to the plaintiff, defendants Bon Bon and Marquis are citizens of New York and thus their presence in the suit would preclude removal.

In examining a section 1441(b) removal issue, a court "need inquire no further than to determine whether there is a colorable

---

1. In opposing the motion to remand, defendants argue that the two defendants which appear to be non-diverse (Marquis and Bon Bon) are merely "nominal or formal" parties. *See* Memorandum of Law in Opposition to Plaintiff's Motion to Remand at 3. For present purposes, in analyzing this issue in connection with an assessment of whether there existed timely unanimous consent for removal, we need not focus on these two defendants. As discussed, there are diverse defendants, whose status is not challenged as merely nominal, who were served well in advance of the petition for removal and who abstained from seeking or failed to seek removal within thirty days of service. Below, in reviewing plaintiff's second ground in support of the motion to remand, we discuss the effect of the presence of non-diverse, allegedly nominal defendants on the removability of the case.

claim" asserted against the defendants whose citizenship would preclude removal. *Macaluso v. Mondadori Pub. Co.,* 527 F.Supp. 1017, 1019 (E.D.N.Y.1981). A court will disregard the presence of "nominal parties with no real, or direct interest in the controversy." *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell,* 521 F.Supp. 1046, 1047 (S.D.N.Y.1981). A defendant is considered "nominal or formal if no cause of action or claim for relief is or could be stated against him...." *Id.* at 1048. The burden of establishing "the nominal nature of the non-diverse party is on the party making that claim [and] ... doubts are to be resolved in favor of remand." *Id.*

That burden has not been met here with respect to defendants Marquis and Bon Bon, who it is claimed are merely nominal defendants. The attorney for the removing party, Sharon Thompson, affirms that she has inquired into the role played by Bon Bon and Marquis in connection with "Maximum Overdrive" and has been informed that their role was limited. She affirms that counsel for Bon Bon and Marquis stated to her that he would file an affidavit attesting to his clients' limited role in the film. No such affidavit appears to be on file at this time. More significantly, perhaps, no motions to dismiss the complaint against Bon Bon and Marquis were filed in state court prior to removal or in this court subsequent thereto. In any event, on the record before us, the doubts must be resolved in favor of remand.

Plaintiff's motion to remand this case to the Supreme Court, State of New York, New York County, is granted.

SO ORDERED.