■ PHOTOVISION INTERNATIONAL, INC., et al., Appellants, v DONALD O. THAYER, JR., et al., Respondents. [608 NYS2d 922] — Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Accepting the allegations in plaintiffs' complaint and affidavits as true, as we must on a motion to dismiss the complaint *(see, Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177, 181; Siegel, NY Prac § 265, at 395 [2d ed]), we conclude that plaintiffs have stated both causes of action sufficiently to resist defendants' motion. Although defendants submitted documents showing that they had security interests in the assets of plaintiff Photovision International, Inc. (Photovision), plaintiffs presented evidence supporting their allegations that those

security interests were invalid and that defendants "exercised an unauthorized dominion over" Photovision property when they foreclosed on their security interests *(Independence Discount Corp. v Bressner,* 47 AD2d 756, 757). Plaintiffs, therefore, alleged sufficient facts to support their first cause of action for conversion.

The facts alleged by plaintiffs are also sufficient to support their second cause of action for tortious interference with the performance of the management contract between Photovision and K.C. Burnham & Associates, Inc. The complaint and other documents submitted by plaintiffs, if accepted as true, establish the existence of a valid contract, defendants' knowledge of the contract and defendants' intentional interference with the performance of the contract without justification *(see, S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.,* 108 AD2d 351, 354). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Dismiss Complaint.) Present—Green, J. P., Balio, Fallon and Davis, JJ.