SUMMARY ORDER
Plaintiffs-Appellants Ahmad Hbouss and AAAH Holdings, Inc. appeal from a judgment of the United States District Court for the Southern District of New York (Cote, J.) dismissing all four claims against defendants on a Rule 12(b)(6) motion to dismiss. The dismissal of the claims rested on the district court’s conclusions that AAAH did not have authority to *904 bring a derivative suit on behalf of Naya, which is in receivership in the Canadian courts, and its determination the remaining claims stated in the complaint were not cognizable under New York law. We assume the parties’ familiarity with the underlying facts and the procedural history of this case.
On appeal, appellants contest the dismissal of each of the four claims in the complaint. We review de novo a district court’s grant of a motion to dismiss under Rule 12(b)(6). E & L Consulting, Ltd. v. Doman Indus. Ltd., 472 F.3d 23, 28 (2d Cir.2006).
Appellants contend that authorization is not required under Canadian bankruptcy law for AAAH Holdings, as a shareholder, to bring a derivative suit on behalf of Naya, the company in receivership. This interpretation of section 38 of the Canadian Bankruptcy and Insolvency Act (BIA),[1] see Canada Bankruptcy and Insolvency Act, R.S.C. ch. B 3, s. 38 (1985), however, is not supported by the Canadian case law presented to this Court by the parties. That authority indicates that the corporation’s legal claims, like all other corporate assets, fall within the bankrupt cy estate and are controlled by the bankruptcy trustee. Because these assets are governed by the trustee, authorization must be obtained, in accordance with BIA § 38, from the trustee or the Canadian court before a shareholder or creditor may act with respect to the assets and file suit on behalf of the company. See Gibson v. Manitoba Dev. Corp., 44 C.B.R. (N.S.) 113 (1982) (holding that the authority to bring shareholder derivative suits under the Corporations Act of Manitoba was not intended to provide for derivative suits on behalf of a company in bankruptcy proceedings); Bank of Montreal v. Northguard Holdings Ltd., 74 C.B.R. (N.S.) 86 (1989) (“As a general rule, the court will not make an order permitting the directors, or a majority of the shareholders, to commence an action which the receiver does not want to bring. The court can do so, however, when it is satisfied that the action is a proper one and that injustice may result to some or all of the shareholders of the company if the action is not permitted.”).[2] Because AAAH Holdings was denied authorization from the trustee to bring the suit and the Canadian court has not granted the petition for authorization, the district court correctly dismissed the claim without prejudice based on that lack of authorization to bring the suit.
Appellants next argue that the district court erred in dismissing the two claims brought by Hbouss, both on his own behalf and on behalf of Naya based on his status as a creditor of Naya, alleging breach of the implied covenant of good faith and fair dealing stemming from a 1999 settlement agreement among Naya, Hbouss, and Coca-Cola. “Implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance.” Dalton v. Educ. Testing Serv., 87 N.Y.2d 384, *905 389, 639 N.Y.S.2d 977, 663 N.E.2d 289 (1995); accord Bank of N.Y. v. Sasson, 786 F.Supp. 349, 354 (S.D.N.Y.1992) (“[T]he implied covenant of good faith and fair dealing is limited to performance under a contract and does not encompass future dealings or negotiations between the parties.”). “Integral to a finding of a breach of the implied covenant is a party’s action that directly violates an obligation that may be presumed to have been intended by the parties.” M/A-COM Sec. Corp. v. Galesi, 904 F.2d 134, 136 (2d Cir.1990); accord EBC I, Inc. v. Goldman Sachs & Co., 5 N.Y.3d 11, 22, 799 N.Y.S.2d 170, 832 N.E.2d 26 (2005) (holding that a plaintiff fails to plead a breach of an implied covenant of good faith and fair dealing where it does not allege interference with the right to receive the benefits of their agreement). There is no allegation that Coca-Cola’s conduct infringed on the actual rights or benefits embodied in the underlying contract, and the implied covenant does not extend beyond performance under the 1999 settlement agreement. We, therefore, agree with the district court’s determination that appellants have failed to assert a claim for breach of the implied covenant of good faith and fair dealing.
Finally, appellants argue that the district court erred in dismissing the claim brought by AAAH Holdings seeking damages for diminution of share value resulting from Naya’s bankruptcy. Under New York law, “[a]n individual shareholder has no right to bring an action in his own name and in his own behalf for a wrong committed against the corporation, even though the particular wrong may have resulted in a depreciation or destruction of the value of his corporate stock.” Fifty States Mgmt. Corp. v. Niagara Permanent Sav. and Loan Ass’n, 58 A.D.2d 177, 179, 396 N.Y.S.2d 925 (N.Y.App. Div. 4th Dep’t 1977). Because AAAH Holdings does not have a claim in its own right, and all alleged harms stem from the wrongs to the corporation, there is no cognizable claim under New York law. The district court, therefore, properly dismissed the claim relating to the diminution in share value.
We have considered appellants’ remaining arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.

. Section 38 of the Canadian Bankruptcy and Insolvency Act provides:
Where a creditor requests the trustee to take any proceeding that in his opinion would be for the benefit of the estate of a bankrupt and the trustee refuses or neglects to take the proceeding, the creditor may obtain from the court an order authorizing him to take the proceedings in his own name and at his own expense and risk, on notice being given the other creditors of the contemplated proceeding, and on such terms and conditions as the court may direct.
Canada Bankruptcy and Insolvency Act, R.S.C. ch. B-3, s. 38 (1985).

. We have reviewed Liu v. Sung, 57 B.C.L.R. (2d) 299 (1991), submitted by Appellants following argument, but do not find that its ruling dictates a different result.