## AMERICAN BUILDINGS COMPANY

v.

### VARICON, INC., et al.

**Civ. A. 85–271–Y.**

United States District Court,
D. Massachusetts.

Aug. 26, 1985.

David J. Hatem, Posternak, Blankstein & Lund, Boston, Mass., for plaintiff.

Daniel H. Kelleher, Kelleher and Lamont, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The plaintiff American Buildings Company ("American") brought this action against defendants Varicon, Inc. ("Varicon") and Allied Fidelity Insurance Compa-

ny ("Allied"), alleging breach of contract by Varicon, breach of a performance bond by Allied, and unfair trade or business practices by both defendants. The action arises from an alleged default by Varicon under a subcontract agreement relating to steel construction work at the Pilgrim Nuclear Power Station, Plymouth, Massachusetts. American filed this action in the Superior Court of the Commonwealth of Massachusetts for Suffolk County on December 20, 1984. Pursuant to 28 U.S.C. § 1441, the defendants removed the case to the United States District Court for the District of Massachusetts on January 17, 1985. American has now moved to remand the case to the state court on the ground that this court lacks subject matter jurisdiction.

## I.

In its petition for removal, the defendants alleged that this court has original jurisdiction over this contract action pursuant to 28 U.S.C. § 1332, by reason of the diversity of citizenship of the parties. For purposes of determining whether diversity exists, a corporation is considered to be a citizen of the state of its incorporation and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c). The defendants alleged, on information and belief, that American was a corporation organized and existing under the laws of Delaware and had a principal place of business in Alabama. They further alleged that Allied is incorporated and has its principal place of business in Indiana, and that Varicon is incorporated and has its principal place of business in Texas.

American argues that this court has no subject matter jurisdiction under 28 U.S.C. § 1332 because there is no diversity of citizenship between American and Varicon. American does not dispute that Allied is an Indiana corporation with a principal place of business in Indiana, or that Varicon is a Texas corporation with a principal place of business in Texas. However, American alleges that it is also a corporation organized under the laws of Texas, thereby defeating diversity jurisdiction.

The confusion in this matter stems from a 1984 change in the corporate status of one of American's predecessor corporations. In an effort to clear up the confusion, American's counsel, David J. Hatem, executed an affidavit on June 4, 1985, which has been submitted to the court, along with supporting documents, in support of the motion to remand. According to that affidavit, a predecessor to American was also named American Buildings Company (hereinafter referred to as "American Buildings Company—Delaware"). American Buildings Company—Delaware was incorporated in Delaware in December 1977 and continued as a Delaware corporation until October 1, 1984. On that date, the company merged with three other corporations, including a Texas corporation named Metallic-Braden Building Company, and American Buildings Company—Delaware ceased to exist as a separate corporate entity. The merger agreement provided that the surviving corporation was to be named "American Buildings Company" and was to be governed by the laws of the State of Texas.

According to the Hatem affidavit, at the time the merger became effective on October 1, 1984, there apparently was another Texas corporation which had the identical or a similar name of "American Buildings Company." As a consequence, an amendment was filed to the new corporation's charter to change the corporation's name from "American Buildings Company" to Metallic-Braden Building Company ("Metallic-Braden"). That name change became effective on October 9, 1984. Over the course of the next several months, the new corporation operated under the name of Metallic-Braden but sought to obtain the right to use the corporate name "American Buildings Company" in Texas. After months of negotiations with the party which had the right to use that name, an agreement was reached under which Metallic-Braden obtained the right to call itself "American Buildings Company." Metallic-Braden thereafter changed its name back

to American Buildings Company, effective March 18, 1985, and has operated under the American Buildings Company name since that time.

In the meantime, while the negotiations regarding the use of the American name were still ongoing, this suit was commenced in the Superior Court for Suffolk County. At the time the state court action was filed in December 1984,[1] American Buildings Company—Delaware apparently no longer existed as a separate corporate entity and the newly merged company was operating under the name of Metallic-Braden, a Texas corporation. However, the plaintiff brought the suit under the name "American Buildings Company," hence the resulting confusion.

With respect to the pending motion to remand, American argues that the proper plaintiff in this action should be Metallic-Braden since that was the company's legal name in December 1984 when the suit was commenced. Furthermore, because Metallic-Braden was a Texas corporation when the petition for removal was filed, there was no diversity of citizenship between it and Varicon, according to American. In response, the defendants argue that for purposes of determining whether diversity jurisdiction exists, the named plaintiff is American Buildings Company—Delaware.

## II.

■ When a party removes a state court action to the federal district court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979). The removal statutes are to be strictly construed, *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), and many federal

courts have held that if federal jurisdiction is in doubt, such doubt must be resolved in favor of state court jurisdiction and the case remanded. *Capehart-Creager Enterprises, Inc. v. O'Hara & Kendall Aviation, Inc.*, 543 F.Supp. 259, 262 (W.D.Ark. 1982); *see* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3739, at 584 (1985). Whether an action should be remanded to the state court must be resolved by reference to the complaint at the time the petition for removal was filed. *Rosenberg v. GWV Travel, Inc.*, 480 F.Supp. 95, 96 (S.D.N.Y.1979).

The question before this court is whether the defendants have satisfied their burden of showing that there was diversity of citizenship between the parties as of January 17, 1985. The issue turns on whether the plaintiff was a citizen of Texas on that date—if so, the court cannot exercise jurisdiction.

American has provided competent evidence, in the form of the Hatem affidavit and supporting documents, to demonstrate that it has been a Texas corporation since the merger on October 1, 1984. The complaint—which alleged that the plaintiff "is a corporation organized under the laws of Texas," Complaint, ¶ 2—is consistent with this evidence. *See Exxon Corp. v. Duval County Ranch Co.*, 406 F.Supp. 1367, 1369 (S.D.Tex.1975) (when two or more corporations merge, the citizenship of the surviving corporation is controlling for diversity purposes).

■ Although the action appears to have been filed under the wrong corporate name, that mistake is understandable under the circumstances. It is clear that the intent of the merging companies was to name the new corporation "American Buildings Company," even though they were compelled to adopt another name (Metallic-Braden) between October 9, 1984 and March 17, 1985. In any event, the plaintiff ordinarily would be given an opportunity to

---

**1.** The Hatem affidavit states that the superior court action was commenced on December 14, 1984, but the papers on file with this court indicate that the suit was filed on December 20,

1984, with the summons and complaint served by mail on December 21, 1984. For purposes of the pending motion, this discrepancy is immaterial.

amend its complaint to name the correct plaintiff in interest. *See Hyatt Chalet Motels, Inc. v. Salem Bldg. & Constr. Trades Council,* 298 F.Supp. 699 (D.Ore.1968) (error in bringing suit by a corporation in its former name, although it had reorganized under a new name before the action was filed, went to a matter of form only and might be corrected by an amendment under Fed.R.Civ.P. 17(a)).

■ In response to the evidence presented by American, the defendants argue simply that the named plaintiff is "American Buildings Company" and that "[o]n the face of the present record American Buildings Company is a Delaware corporation." However, the defendants have offered no counter-affidavits or any other evidence to dispute American's contention that American Buildings Company—Delaware ceased to exist on October 1, 1984 when it merged with Metallic-Braden Building Company. *See Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.,* 523 F.2d 543, 548 (7th Cir. 1975) ("the proposition that separate corporations lose their separate identity after merger is too evident for much discussion").

The defendants also point to Section 1.3 of the merger agreement, which states that the merger "shall become effective at 11:59 o'clock p.m., Delaware time, on the date when the last of [four specified] actions shall have been completed." Among the conditions required by that provision are the approval of the merger agreement by the stockholders of each merging corporation and the filing of the articles of merger with the appropriate state officials. Hatem Affidavit Exhibit 1. Relying on this section of the merger agreement, the defendants make the following argument: (1) the merger could not become effective until the specified conditions were satisfied; (2) the record does not demonstrate that each of the conditions was satisfied or that the merger complied with the corporate laws of the respective states; and (3) absent such a showing, the court should presume that American Buildings Company—Delaware

continued in existence as a separate Delaware corporation after October 1, 1984.

This argument is flawed for two reasons. First, American has submitted uncontroverted evidence that the specified conditions of Section 1.3 were indeed satisfied on or before October 1, 1984. Second, it is the defendants who bear the burden of showing that this court can properly exercise jurisdiction. The defendants cannot meet that burden simply by suggesting, without factual support, that the merger may not have become effective on October 1, 1984, particularly in the face of a sworn affidavit to the contrary.

For these reasons, this court rules that it lacks subject matter jurisdiction and that the case was improvidently removed. The case is hereby remanded to the Superior Court of the Commonwealth of Massachusetts for Suffolk County. No costs are awarded.