**Eloy ROMAN RAMOS, et al., Plaintiffs,**

v.

**H.B. FULLER COMPANY PUERTO RICO, et al., Defendants.**

**Civ. No. 88–1900 (JP).**

United States District Court, D. Puerto Rico.

Jan. 11, 1990.

Dennis A. Simonpietri, Ramírez & Ramírez, Hato Rey, P.R., for plaintiffs.

Alfonso Miranda Cárdenas, Pedro J. Córdova and Luis Sánchez Betances, Sánchez Betances & Sifre, San Juan, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendant H.B. Fuller Company of Puerto Rico's unopposed Motion to Dismiss for lack of diversity jurisdiction. This case arises from an automobile accident that occurred on November 23, 1987 in Isabela, Puerto Rico. The plaintiffs, Eloy Román, his wife, and his four children, allege that plaintiff Eloy Román Ramos was driving toward San Juan, heading east on Highway Number Two. When he stopped at a red light, he was struck from behind by a truck driven by Angel Braña Oyola. Defendant H.B. Fuller Company of Puerto Rico was leasing the truck, and Braña was within the scope of his employment. Codefendant American Mutual Insurance Company carried H.B. Fuller's insurance policy covering the accident. On September 14, 1989, the Court granted plaintiffs' motion requesting leave to amend the complaint to include H.B. Fuller Company.

Codefendant H.B. Fuller Company of Puerto Rico alleges that this Court lacks jurisdiction to entertain this suit, pursuant to 28 U.S.C. § 1332(a)(1). We agree with defendant and dismiss the complaint.

Title 28, section 1332 of the United States Code provides that the district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $50,000,[1] and the controversy is between citizens of different states. It further states that for the purposes of diversity, a corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

In order to establish diversity, citizenship is determined as of the date of the initiation of the suit. *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed.2d 1205 (1957); *Topp v. Compair Inc.*, 814 F.2d 830, 832 n. 1 (1st Cir.1987). Accordingly, the state in which a corporation's principal place of business is located is determined at the time the complaint is filed. 13B Wright, Miller & Cooper *Federal Practice and Procedure* § 3625 (1984).

As the First Circuit has noted, there are three distinct, but not necessarily inconsistent tests for determining a corporation's principal place of business. *Topp*, 814 F.2d at 834. The "nerve center" test searches for the location from where the activities of the corporation are controlled and directed. *Id.* (citing *Lugo–Viña v. Pueblo International, Inc.*, 574 F.2d 41, 43 (1st Cir.1978)). The "center of corporate activity" test looks to where the corporation's day-to-day management occurs, and the "locus of the operations" test focuses on where the bulk of the corporation's actual physical operations are located. *Id.* (citations omitted). In all cases, plaintiff has the burden of proving diversity. *de Walker v. Pueblo*

---

1. The statute was recently amended to increase the required amount in controversy to $50,000. Pub.L. 100–702, Title II, § 201, Nov. 19, 1988, 102 Stat. 4646. At the time of the filing of plaintiffs' complaint, the required amount in controversy was $10,000, as was stated in plaintiffs' complaint.

*International, Inc.*, 569 F.2d 1169, 1172 n. 4 (1st Cir.1978). Moreover, the rule of complete diversity of citizenship, which requires all plaintiffs and defendants to be of different citizenship, has been in effect from almost the beginning of this country's judicial history. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir. 1989) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

In the instant case, Fuller Company of Puerto Rico is incorporated under the laws of Delaware. However, it has been conducting business in Puerto Rico for the past twenty-five years. All of its day-to-day operations, including manufacturing and production, occur in Puerto Rico; all of its offices and employees are in Puerto Rico; all of its corporate records are stored and maintained in Puerto Rico; and finally, all of its operations are managed from Puerto Rico. *See* Codefendant H.B. Fuller Company of Puerto Rico's Memorandum of Law dated August 8, 1989, Exhibit A, Affidavit of Ricardo Román, Caribbean Regional Manager of H.B. Fuller Company of Puerto Rico. Therefore, Puerto Rico is Fuller's principal place of business for purposes of diversity under at least two of the above mentioned tests. It is the center of corporate activity where the day-to-day management of the company occurs as well as the "locus of the operations" where all of its actual physical operations are located.

Plaintiffs, citizens of Puerto Rico, have not offered any evidence to establish that Fuller of Puerto Rico's principal place of business is outside of Puerto Rico and have therefore failed to carry their burden of proving diversity. Because all adverse parties are not of diverse citizenship, we conclude that the complaint must be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs' amended complaint adding H.B. Fuller Company as a defendant does not defeat this motion to dismiss since diversity jurisdiction requires complete diversity of citizenship between adverse parties.

Therefore, for the above stated reasons, we DISMISS the complaint.

Judgment will be entered accordingly. IT IS SO ORDERED.