Jean CHIN, Plaintiff,

v.

HOLIDAY CRUISES II, INC., General Partner of Spirit IV Associates, a Limited Partnership d/b/a Spirit of Boston, Defendant.

Civ. A. No. 91–12211–WF.

United States District Court,
D. Massachusetts.

Jan. 13, 1992.

Emidio DiLoreto, DiLoreto & DiLoreto, Dorchester, Mass., for plaintiff.

Thomas J. Muzyka, Clinton & Muzyka, Boston, Mass., for defendant.

## ORDER RE:

## PLAINTIFF'S MOTION FOR REMAND

## (DOCKET ENTRY # 6)

BOWLER, United States Magistrate Judge.

Plaintiff Jean Chin, a Massachusetts resident, originally filed this action in Massachusetts Superior Court. On August 20, 1991, defendant Holiday Cruises, Inc., a Virginia corporation, filed a timely notice of removal in accordance with 28 U.S.C. §§ 1441 and 1446(b). (Docket Entry # 1; Docket Entry # 10, Ex. B). Thereafter, the plaintiff filed a motion to remand (Docket Entry # 6) pursuant to 28 U.S.C. § 1447 because of an alleged lack of diversity. On November 13, 1991, this court held a hearing and took the matter under advisement.

## BACKGROUND

The facts are not complex. On or about August 11, 1990, the plaintiff, a passenger aboard the vessel Spirit of Boston, slipped and fell on the gangway. At the time of the fall, the defendant owned and operated the Spirit of Boston, according to the plaintiff.

As a result of the defendant's alleged failure to keep the gangway in a reasonably safe condition, the plaintiff purportedly sustained "severe and permanent personal injuries." (Docket Entry # 10, Ex. A). She additionally alleges a permanent disability and characterizes her future medical expenses as "great." (Id.). The civil cover sheet filed in state court quantifies her medical expenses for the 22 weeks after the accident as "in excess of $1,755.00."[1] (Docket Entry # 10, Ex. B).

The defendant's corporate headquarters are located in Virginia. Prior to September 19, 1990, the defendant operated cruises in Massachusetts and New York. (Docket Entry # 10, Ex. D). Purchasing, accounting, budgetary functions, and board of directors' meetings take place in Virginia. Corporate records are kept in Virginia. All corporate officers and directors reside in Virginia as does the major shareholder. Construction and financing for the Spirit of Boston was arranged and conducted in Virginia. (Docket Entry # 10, Ex. D). Defendant's General Counsel avers that, commencing September 19, 1990, and concluding a few days thereafter, the defendant divested itself "of *all* [emphasis added] interest in the vessel Spirit of Boston." (Id.). In particular, as of August 20, 1991, the defendant "had divested itself of all interest, including management and ownership in the vessel Spirit of Boston." (Id.).

As evidenced by the Foreign Corporation Certificate dated December 12, 1988, the defendant is licensed to do business in Massachusetts. (Docket Entry # 8, Ex. A). An undated copy of a promotional circular for the Spirit of Boston indicates that the Spirit of Boston operates dinner and charter cruises through an office located at 256 Marginal Street in Boston.[2] Plaintiff's counsel avers that the defendant "has its principal place of business ... at 256 Marginal Street, Boston, Suffolk County, Massachusetts." (Docket Entry # 8).

## DISCUSSION

■ Removal is generally governed by 28 U.S.C. § 1441 which provides, in pertinent part:

(a) ... [A]ny civil action ... of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending.

---

**1.** This statement appears under the following heading:

    State, with particularity, money damages which would warrant a reasonable likelihood that recovery would exceed $25,000.

(Docket Entry # 10, Ex. B).

**2.** The promotional circular does not refer to the defendant. The address on the circular for the Spirit of Boston differs from that of the defendant contained in the Foreign Corporation Certificate. (Docket Entry # 8, Ex. A & D).

Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction. *American Buildings Co. v. Varicon, Inc.*, 616 F.Supp. 641, 643 (D.Mass.1985) (case remanded to state court); *see also, Adorno Enterprises v. Federated Department Stores*, 629 F.Supp. 1565, 1573 (D.R.I.1986) (federal court retains jurisdiction only where its authority is clear). "[T]he burden falls squarely upon the removing party to establish its right to a federal forum." *American Buildings*, 616 F.Supp. at 643; *accord Hayes v. Fireman's Mortgage Corporation*, 1991 WL 255529, at *1 (N.D.Ill. November 25, 1991) (removing party bears burden to establish that removal was proper); *Adorno Enterprises*, 629 F.Supp. at 1573 (burden of persuasion rests with removing party). The appropriateness of removal is determined "at the time the petition for removal [is] filed." *American Buildings*, 616 F.Supp. at 643; *accord Ching v. Mitre Corporation*, 921 F.2d 11, 13 (1st Cir.1990).

It is settled law that a defendant may remove an action from state court only where the federal court would have had original jurisdiction. *Grubbs v. General Electric Credit Corporation*, 405 U.S. 699, 702–703, 92 S.Ct. 1344, 1347–48, 31 L.Ed.2d 612 (1972). In this instance, jurisdiction is founded on diversity. Absent complete diversity, this case must be remanded. *See* 28 U.S.C. § 1447(c).

■ Diversity jurisdiction has two components: (1) a dispute between citizens of different states and (2) an amount in controversy in excess of $50,000. 28 U.S.C. § 1332. Turning to the former, a corporation is deemed a citizen of the state of incorporation *and* of the state where it has its principal place of business. *Ortiz Mercado v. Puerto Rico Marine Management, Inc.*, 736 F.Supp. 1207 (D.P.R.1990). As to the citizenship component, the dispositive issue is whether, at the time of removal on August 20, 1991, the defendant's principal place of business was in Virginia, as urged by the defendant, or in Massachusetts, as urged by the plaintiff.

This circuit recognizes "three distinct, but not necessarily inconsistent tests" for determining a corporation's principal place of business. *Roman Ramos v. H.B. Fuller Co. Puerto Rico*, 729 F.Supp. 221, 222 (D.P.R.1990). The "nerve center" test "searches for the location from where the activities of the corporation are controlled and directed." *Id.* at 222. Because this test principally deals with companies whose activities are "complex and farflung," it is inappropriate in the case at bar. *See Ortiz Mercado*, 736 F.Supp. at 1212 (citing *Topp v. Compair Inc.*, 814 F.2d 830, 834 (1st Cir.1987)).

The remaining tests often merge and overlap. *Cf. Topp v. Compair Inc.*, 814 F.2d at 834. The "center of corporate activity" test looks to "where the corporation's day-to-day management takes place." *Ortiz Mercado*, 736 F.Supp. at 1211; *accord Roman Ramos*, 729 F.Supp. at 222. The "locus of operations" test focuses on "where the bulk of the corporation's actual physical operations are located." *Id.* at 1211; *accord Roman Ramos*, 729 F.Supp. at 222.[3]

■ Applying either test leads to the conclusion that the defendant's principal place of business is in Norfolk, Virginia. Purchasing, accounting, financing, board of directors meetings, and budgetary functions take place in Virginia. Corporate headquarters are located at 501 Front Street, Norfolk, Virginia. The promotional circular is not only undated but contains an address different from than that contained in the Foreign Corporation Certificate. The connection between this promotional circular and the defendant's activities is therefore tenuous. Moreover, a license to do business in a foreign state is not the equivalent of a "principal place of business."

---

**3.** Having found no First Circuit precedent on the "center of corporate activity" test, the *Ortiz Mercado* court equated the test with tests that focus upon the location of physical operations. Therefore, the court did not consider the test separately from the "locus of operations" test. *Ortiz Mercado*, 736 F.Supp. at 1207, n. 6.

 Turning to the second component of diversity, the amount in controversy is generally gauged from the plaintiff's point of view. *Ferris v. General Dynamics Corporation,* 645 F.Supp. 1354, 1361 (D.R.I.1986) (case remanded, in part, because of lack of jurisdictional amount). As noted *supra,* the complaint characterizes the plaintiff's injuries as severe and resulting in a permanent disability. Although her medical expenses immediately following the fall are low, her ability to enjoy life is "greatly damaged" and she suffers "great pain of body and mind." (Docket Entry # 10, Ex. A). Absent evidence to the contrary, she therefore has a realistic expectation of recovering in excess of $50,-000.

In sum, given the evidence before this court, this court concludes that the defendant has met its burden in showing that its principal place of business lies in Virginia and that the amount in controversy exceeds $50,000.[4]

Finally, both parties request costs and attorneys fees from the opposing party.[5] The plaintiff's request for costs and disbursements, including attorneys fees, is DENIED insofar as removal was justified. *See Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1204 (D.R.I.1986) (costs denied under § 1447(c) to remanding party). In addition, because this court finds the plaintiff's motion was both reasonable and made in good faith, the defendant's request for costs and attorneys fees is also DENIED. *See Oglesby v. RLA Corporation,* 752 F.2d 272 (7th Cir.1985) (removing defendant's request for attorneys fees under 28 U.S.C. § 1927 denied, absent bad faith); *Fair v. Swanson,* 753 F.Supp. 875 (D.Colo. 1991) (removing party's motion for costs and attorneys fees under Rule 11 denied); *Bedoya v. Miller–Johannisberg Druck Maschinen,* 1989 WL 65459 (E.D.N.Y. June 6, 1989) (Rule 11 costs denied to removing party).

## CONCLUSION

For reasons stated above, the Plaintiff's Motion to Remand (Docket Entry # 6) is DENIED. Each party shall bear its own costs and attorneys fees.

---

4. This court, however, recognizes that 28 U.S.C. § 1447 "calls for continuing scrutiny" of the defendant's removal. *Adorno,* 629 F.Supp. at 1567. This court therefore invites the plaintiff to come forward at any time with additional documentary evidence of either the defendant's principal place of business or the amount in controversy. *See* James William Moore & Brett

A. Ringle, *Moore's Federal Practice* ¶ .168 [4.–1] (1991) (discussing proper procedure in seeking remand).

5. Both parties fail to cite any authority in support of their requests for costs and attorneys fees.