**16**

WMW MACHINERY COMPANY,
INC., Plaintiff,

v.

KOERBER A.G., et al., Defendants.

No. 95 Civ. 1443 (DAB).

United States District Court,
S.D. New York.

March 7, 1995.

Howard M. Gurock, Kurtzman Haspel & Stein, Spring Valley, NY, for plaintiff.

James M. Shaughnessy, Windels, Marx, Davies & Ives, New York City, for defendants.

### MEMORANDUM OPINION AND ORDER

BATTS, District Judge.

Plaintiff WMW Machinery Company, Inc. ("WMW–Delaware"), a Delaware corporation engaged in the business of distributing grinding machines and related equipment, brought this action in New York State Supreme Court against defendants Koerber AG ("Koerber"), a German corporation, and three of Koerber's subsidiaries, United Grinding Technologies, Inc. ("United"), K.A.K. Holdings Co. ("KAK"), and Schleifring Maschinenbau GmbH ("Schleifring"). United and KAK are Delaware corporations, while Schleifring is a German corporation. The complaint alleges tortious interference with certain of plaintiff's contracts and business relations, as well as unfair competition. Defendants United and KAK removed the action to this court, and the propriety of that removal is discussed herein.

The core of this action centers around three contracts that WMW Machinery, Inc., a New Jersey corporation ("WMW–New Jersey"), entered into in January 1993 with three grinding machine manufacturers that are not defendants in this action: Berliner Werkzeugmaschinenfabrik GmbH ("BWF"); Mikrosa Werkzeugmaschinen GmbH Leipzig ("Mikrosa"); and, Schleifmaschinenwerk GmbH Chemitz ("SMW") (Collectively, the "Three Manufacturers"). In late 1993, subsequent to the signing of these contracts, defendant Schleifring, a wholly owned subsidiary of defendant Koerber, acquired the Three Manufacturers. In late 1994, the Three Manufacturers terminated the contracts.

On February 15, 1995, WMW–Delaware brought this suit in the Supreme Court of New York for Rockland County, receiving a temporary restraining order and a temporary order of attachment against the defendants. In the same order, defendants were directed to appear on March 3, 1995, to show cause why a preliminary injunction and order of attachment should not issue pending determination of the merits.

On March 1, 1995, prior to any hearing in the state court, defendants United and KAK—being the only defendants served with process at that time—removed the action to this court [1] pursuant to 28 U.S.C. § 1441, et seq. On March 3, 1995, defendants asked this court to hold an accelerated hearing on a motion to vacate the temporary restraining

---

1. Even were removal appropriate on these facts, it is clear that the defendant has ignored Rule 21(a) of the Rules for the Division of Business Among Judges for the Southern District of New York, which would seem to require removal of a state court proceeding brought in Rockland County, New York to the Federal District Court in White Plains, New York.

order and temporary order of attachment put in place by the New York Supreme Court.

## DISCUSSION

WMW–New Jersey—the signatory to the original contracts with the Three Manufacturers—is not a named plaintiff in this action; WMW–Delaware is the sole plaintiff. Diversity of citizenship appears to exist between WMW–New Jersey and the named defendants, but clearly does not exist between WMW–Delaware and defendants United and KAK, all being Delaware corporations. As its basis for diversity jurisdiction, defendants allege that WMW–New Jersey, not WMW–Delaware, is the true "party in interest" due to WMW–New Jersey's status as signatory to the underlying contracts with the Three Manufacturers. Under defendants' theory, this court should ignore the lack of diversity between the only named plaintiff and the defendants, and allow removal. See ¶ 20 & 21, Notice of Removal.

To support removal, defendants rely on the settled doctrine that "in determining whether complete diversity exists . . . , the court disregards the presence of nominal parties with no real, or direct interest in the controversy." *Saxe, Bacon & Bolan, P.C. v. Martindale–Hubbell, Inc.*, 521 F.Supp. 1046, 1047 (S.D.N.Y.1981). Specifically, defendants rely on the language in footnote two of Judge Sweet's opinion in *Saxe:* "While this doctrine has most often been applied to the 'fraudulent joinder' of defendants to defeat removal, the reasoning applies as well to the joinder of plaintiffs who lack a cognizable or direct interest in the controversy." *Id.*, at 1048 (citation omitted). Defendants reason that if the court may seize jurisdiction and dismiss a plaintiff that lacks a cognizable interest in a controversy, it may seize jurisdiction of this controversy and dismiss the sole plaintiff because (it argues) that plaintiff has no legitimate claim.

We find fraudulent joinder inapplicable to these facts, and defendants' reliance thereon misplaced, if not spurious. The fraudulent joinder doctrine is inapplicable where, as here, the party alleged to be fraudulently joined is the only named plaintiff and that plaintiff sues on its own behalf. Because

here there exists only one named (non-diverse) plaintiff seeking a remedy for itself, the proper course of action is for the defendants to pursue dismissal of plaintiff's claims in the state court.

To support application of the fraudulent joinder doctrine in the context of a single plaintiff, defendant relies on *American Buildings Company v. Varicon, Inc.*, 616 F.Supp. 641 (D.C.Mass.1985). In *American Buildings*, the plaintiff filed the action under the wrong corporate name, thereby causing confusion as to the residence of the plaintiff. The plaintiff provided evidence of which entity it actually intended as plaintiff, admitting that it was improperly denominated in the complaint due to a corporate merger. *Id.*, at 643. Defendant countered that the plaintiff actually named was a Delaware corporation, regardless of whether plaintiff intended another entity as the actual plaintiff. *Id.*, at 644. Recognizing that plaintiff would normally be permitted to amend its complaint to name the correct corporate entity as plaintiff, the court allowed the plaintiff to destroy diversity by presenting evidence of the residence of the intended plaintiff, and remanded to state court. *Id.*, at 643–44.

These facts are very different. Here the defendant, not the plaintiff, seeks to alter the named corporate plaintiff; further, the defendants urge this correction despite the plaintiff's insistence that the correct plaintiff has been named. Unlike *American Buildings*, this is not a case where the party urging the alternate denomination of plaintiff holds the right to amend the complaint. Consequently, *American Buildings* provides no support for defendants' contention that the court has the power to ignore the residence of the only named plaintiff and assume diversity jurisdiction merely because the named plaintiff has no claim. If, as defendants assert, the named plaintiff has no claim, then the defendants should seek dismissal of the complaint—in state court.

For these reasons, this court—on its own motion—rules that it lacks subject matter jurisdiction. The case is hereby remanded to

18

the Supreme Court of the State of New York for Rockland County.

SO ORDERED.