Roberge v. James River Paper Co.       CV-98-118-SD   7/6/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Harvey G. Roberge, Jr.

_____v.                              Civil No. 98-118-SD

James River Paper Co., Inc.,
 n/k/a Fort James Operating Co., Inc.


O R D E R


    Plaintiff Harvey Roberge initiated this negligence action in Coos County Superior Court.  His complaint alleges that he was injured when he slipped on snow and ice while delivering oil at defendant's premises.  As a result of the fall, plaintiff tore his rotator cuff and suffers pain in his shoulder and loss of motion.  Defendant James River Paper Co., Inc., n/k/a Fort James Operating Co., Inc. (James River), removed the case to this court based on diversity jurisdiction.  Currently before the court is Roberge's motion to remand the case to state court.

    "Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction."  Chin v. Holiday Cruises II, Inc., 141 F.R.D. 367, 368 (D. Mass. 1992).  If, after removal, it appears that the district court lacks subject matter jurisdiction, the court must remand the case to state court.  See 28 U.S.C. § 1447.  In this case, the alleged basis for jurisdiction is diversity, which requires that the amount in controversy be at least $75,000.  See 28 U.S.C. § 1332.  The

parties do not contest the existence of diversity of citizenship; at issue is the amount in controversy.

According to James River, it "bears no burden of producing affirmative evidence concerning the amount-in-controversy requirement for diversity jurisdiction." Memorandum of Law in Support of Defendant's Objection to Plaintiff's Motion to Remand at 3-4. This, however, is not an accurate statement of the law. Whenever jurisdiction is challenged, the party alleging jurisdiction must support its allegation of jurisdictional facts by competent proof. See 15 MOORE'S FEDERAL PRACTICE 3D § 102.107[1]; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) ("If [the party asserting jurisdiction's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."); United Food Local 919 v. Centermark Properties, 30 F.3d 298, 304-05 (2d Cir. 1994). This is no less true when the defendant has removed the case and it is the plaintiff who is challenging jurisdiction. See United Food, supra, 30 F.3d at 305. Thus James River, as the party defending jurisdiction, bears the burden of establishing jurisdiction by competent evidence. Although courts are split over the standard of proof the defendant is required to meet, it is clear that "[t]he simple allegation that the amount in controversy exceeds the jurisdictional amount neither overcomes the strong presumption against removal nor satisfies the defendant's burden of setting

2

forth facts that support [the] amount of [the] claim in [the] removal notice." 16 MOORE'S FEDERAL PRACTICE 3D § 107.14[2][g][v].

In this case, James River has not overcome the presumption in favor of state court jurisdiction. Defendant's assertion that plaintiff's torn rotator cuff and chronic frozen shoulder indicate he has a realistic expectation of recovering more than $75,000 is insufficient. James River simply has not set forth competent evidence indicating that the amount in controversy is sufficient to support diversity jurisdiction.

## Conclusion

For the abovementioned reasons, plaintiff's motion to remand (document 7) must be and herewith is granted.

SO ORDERED.

Shane Devine, Senior Judge
United States District Court

July 6, 1998

cc: Clare M. Hinkley, Esq.
    Jeffrey S. Cohen, Esq.

3