**John C. MACONE, Plaintiff,**

v.

**James M. NELSON, et al.   Defendants.**

**No. CIV. 03–1094(JAF).**

United States District Court,
D. Puerto Rico.

July 18, 2003.

Jaime F. Agrait–Llado, Agrait & Associates, San Juan, for John C. Macone, plaintiff.

Roberto C. Quinones–Rivera, McConnell Valdes, San Juan, James M. Nelson, Pro Se, Culebra, for James M. Nelson, Conjugal Partnership Nelson Doe, defendants.

## *OPINION AND ORDER*

FUSTE, District Judge.

Plaintiff, John C. Macone ("Macone"), filed the present breach of contract action against Defendants James Nelson ("Nelson"), Nelson's wife, and the conjugal partnership formed between them, in the Court of First Instance for the Commonwealth of Puerto Rico, Fajardo Part, on December 17, 2002. *Docket Document No. 1.* Defendants petitioned to remove the action to the United States District Court for the District of Puerto Rico on January 30, 2003. *Docket Document Nos. 1, 5.*

Plaintiff Macone now moves to remand the case to state court pursuant to 28 U.S.C. § 1447(c) (1994 & Supp.2003). *Docket Document No. 6.* Defendants oppose the motion. *Docket Document No. 9.* Plaintiff Macone tenders a reply to the opposition.

### I.

### *Factual and Procedural History*

Unless otherwise indicated, we derive the following facts from the complaint. *Docket Document No. 1.*

On June 17, 2002, Plaintiff Macone and Defendant Nelson signed an agreement, in which Plaintiff Macone agreed to sell Defendant Nelson property in the neighborhood of La Romana in Culebra, Puerto Rico, for $110,000.

Defendant Nelson paid $30,000 of the purchase price. Plaintiff Macone maintains that Defendant Nelson still owes him $80,000 pursuant to the purchase agreement. Defendant Nelson counters that Plaintiff Macone did not have clear title to the property, in misrepresentation of the

June 17, 2002 agreement. *Docket Document No. 9.*

On December 17, 2002, Plaintiff Macone filed the present complaint against Defendant Nelson, his wife, and their conjugal partnership in state court, alleging breach of contract and emotional distress. *Docket Document No. 1.* Plaintiff Macone seeks $200,000 in damages. *Id.*

Defendants petitioned to remove the action to the United States District Court for the District of Puerto Rico on January 30, 2003, and submitted an amended petition on February 10, 2003. *Docket Document Nos. 1, 5.*

On February 14, 2003, Plaintiff Macone moved to remand the case to state court on the ground that this court lacks subject matter jurisdiction over the present suit. *Docket Document No. 6.* Specifically, Plaintiff Macone asserts that he is a citizen of Puerto Rico and that, therefore, there is no diversity of citizenship in this action. *Id.* Defendants opposed the motion on March 26, 2003, with attached proffers as to Plaintiff Macone's citizenship. *Docket Document No. 9.* Plaintiff Macone tendered a reply to the opposition on May 8, 2003.

## II.

### Standard

A defendant may remove a case from state court to the corresponding federal district court if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a) (1994 & Supp.2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court. 28 U.S.C. § 1447(c).

"When a party removes a state court action to the federal district court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, 'the burden falls squarely upon the removing party to establish its right to a federal forum.'" *Am. Bldgs. Co. v. Varicon, Inc.,* 616 F.Supp. 641, 643 (D.Mass.1985) (internal citations omitted); *see also Meyerson v. Showboat Marina Casino P'ship,* 312 F.3d 318, 321 (7th Cir.2002). "Whether an action should be remanded to the state court must be resolved by reference to the complaint at the time the petition for removal was filed." *Am Bldgs. Co.,* 616 F.Supp. at 643 (internal citations omitted); *see also Ryan v. Schneider Nat'l Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir.2001) (en banc) ("In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed.").

## III.

### Analysis

■ Defendants requested removal of the present case to the United States District Court based on diversity of citizenship. 28 U.S.C. § 1332.[1] Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *See Casas Office Machs., Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668, 673 (1st Cir.1994). If Defendants cannot establish diversity of citizenship, we will remand the case to state court.

Defendants are citizens of Puerto Rico, and they submit that Plaintiff Macone is a citizen of Maine. *Docket Document No. 1.* As such, they assert that the parties are

---

**1.** The statute reads, in part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1).

diverse, and this case is within the jurisdictional purview of the federal court. *Id.* In his motion to remand, Plaintiff Macone maintains that he is actually a citizen of Puerto Rico, and as a result, the parties are not of diverse citizenship. *Docket Document No. 6.*

A person is a citizen of the state in which he is domiciled. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir.1991). "A person's domicile 'is the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning.'" *Rodríguez–Diaz v. Sierra–Martínez,* 853 F.2d 1027, 1029 (1st Cir.1988) (internal citation omitted). Domicile generally requires two elements: (1) physical presence in a state, and (2) the intent to make such state a home. *Id.* The party seeking to invoke the federal court's jurisdiction has the burden of proving the existence of complete diversity by a preponderance of the evidence. *Bank One v. Montle,* 964 F.2d 48, 50 (1st Cir.1992).

Here, the parties appear to agree that prior to June 2002, Plaintiff Macone was domiciled in Puerto Rico. *Docket Document No. 6, 9.* Therefore, Defendants have the burden of establishing that Plaintiff Macone acquired domicile in Maine by the time the complaint and motion for remand were filed. *Garcia v. Am. Heritage Life Ins. Co.,* 773 F.Supp. 516, 520 (D.P.R. 1991). "A person may have only one domicile at a time and, until a new one is acquired, the established one continues, and, once acquired, the presumption is that it continues until changed." *Hawes v. Club Ecuestre El Comandante,* 598 F.2d 698, 701 (1st Cir.1979) (internal citations omitted).

Courts have identified many factors, none of which by itself is controlling, that are relevant in determining a party's domicile. Objective indicia of a person's domicile include: "[t]he place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment." *Lundquist,* 946 F.2d at 12. Statements of intent are accorded minimal weight, compared with these objective factors. *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 556 (5th Cir.1985).

Defendants proffer evidence indicating that Plaintiff has the following ties to Maine: (1) he voted in Maine in November 2002; (2) Plaintiff Macone owns real property in Maine, and owns no real property in Puerto Rico; (3) Plaintiff's current physical and postal addresses are in Maine; (4) Plaintiff's airplanes are tied down in Maine; (5) Plaintiff has a Maine driver's license; (6) he maintains Maine bank accounts; (7) Plaintiff conducts his business in Maine.

Plaintiff Macone counters that this evidence is not sufficient to prove that he is domiciled in Maine. Plaintiff submits his own affidavit, in which he attests that he is merely living in Maine to receive medical treatment for a knee injury, and plans to return to Culebra, Puerto Rico, by July or August 2003. As evidence that Puerto Rico is his true home, Plaintiff submits evidence that he maintains bank accounts in Puerto Rico and that he renewed his Puerto Rico driver's license. He also proffers an Inspection Authorization from the Federal Aviation Administration ("FAA"), which he asserts proves his ties to Puerto Rico.

We turn first to the objective indicia of domicile, as that is the most telling. Plaintiff Macone has current driver's licenses and bank accounts in both Puerto Rico and Maine. Plaintiff Macone has an Inspection Authorization from the Carribean Office of

the FAA, which he asserts (without explanation) verifies that he resides in Puerto Rico. However, this national license, as well as Plaintiff's other professional licenses issued by the FAA, list Plaintiff's Maine address. On balance, Plaintiff's bank accounts, driver's license, and professional licenses do not lead us to any one conclusion. Rather, the evidence confirms that Plaintiff Macone has ties to both Puerto Rico and Maine (which may be a reflection of his itinerant profession as an airline pilot).

█ However, the bulk of the other evidence in the record supports only one finding: Plaintiff Macone is a domiciliary of Maine. First, Plaintiff currently resides in Maine. Plaintiff officially changed his address with the Social Security Administration to reflect his current residence. He also represented in his complaint that his physical address is in Maine. "Although residence alone is not the equivalent of domicile, the place of residence is prima facie evidence of a party's domicile." 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.35[4] (3d ed.1997); *see also Willis v. Westin Hotel Co.*, 651 F.Supp. 598, 601 (S.D.N.Y.1986). Furthermore, Plaintiff receives his mail in Maine, which is another signpost of domicile. *Simmons v. Skyway of Ocala*, 592 F.Supp. 356, 359 (S.D.Ga.1984)

Moreover, Plaintiff's real and personal property is in Maine. The location of one's property is a factor in determining citizenship. *Lundquist*, 946 F.2d at 10. In June 2002, Plaintiff Macone sold his home in Culebra and moved into a home he already owned in Maine. Defendant Nelson attests that at that time, Plaintiff Macone took most of his personal property to Maine, including large, bulky airplane parts. Furthermore, Plaintiff's airplanes are tied down in Maine, and his vehicles are registered in Maine. The evidence also shows that Plaintiff Macone owns commercial property in Maine under the name of Dog Island International Corporation.

We also find it of particular note that Plaintiff is registered to vote in Maine and actually voted in the November 5, 2002 elections. Registration to vote is a "weighty" factor in ascertaining domicile. *Id.* Here, it is particularly noteworthy because in Maine only residents may vote, and "[t]he residence of a person is that place where the person has established a fixed and principal home to which the person, whenever temporarily absent, intends to return." ME. REV. STAT. ANN. tit. 21–A § 112 (2003). This definition parallels the definition of domicile for diversity purposes, and as a result, Plaintiff Macone's "voting behavior is tantamount to a representation of [Maine] domicile to voting officials." *Cf. Lundquist*, 946 F.2d at 12.

These objective indicia show that Plaintiff Macone was domiciled in Maine at the time the state complaint and motion for remand were filed. This leaves us only to consider Plaintiff's statement of intent to return to Puerto Rico. We find that Plaintiff Macone's affidavit is not enough on its own to prove domicile in Puerto Rico, especially in light of the objective evidence, which demonstrates that at the time of the motion to remand, Plaintiff lived, voted, and maintained his personal affairs and property in Maine.

## IV.

### *Conclusion*

In accordance with the foregoing, we find that Plaintiff Macone is a domiciliary of Maine. Therefore, we DENY his motion to remand the present action to state court. *Docket Document No. 6.*

IT IS SO ORDERED.